### 20861

STATE of South Carolina, ex relatione Daniel R. McLEOD, Attorney General, Petitioner, v. James F. HITE, Respondent.

(251 S. E. (2d) 746)

*Atty. Gen. Daniel R. McLeod, Deputy Atty. Gen. Emmet H. Clair* and *Staff Atty. Corrine G. Russell,* Columbia, *for petitioner.*

*C. Alan Runyan* of *Glenn, Porter & Sullivan,* Columbia, *for respondent.*

January 24, 1979.

LEWIS, Chief Justice:

Respondent James E. Hite was held in contempt of court for jury tampering and was sentenced to confinement in the Lexington County jail for a period of three (3) months. After serving one month, respondent was paroled by the South Carolina Probation, Parole and Pardon Board. As the result of questions concerning the power of the Board to parole a person who had been sentenced for contempt of court, the Board rescinded its prior parole order and the Attorney General filed a petition in the original jurisdiction of the Court seeking the recommitment of respondent to complete the service of the remainder of his sentence.

The sole question presented is whether the South Carolina Probation, Parole and Pardon Board had authority to grant a parole to a defendant serving a sentence for contempt of Court.

The answer to the present question lies in the nature of the contempt power. In speaking of the origin of the power, we stated in *State v. Goff,* 228 S. C. 17, 88 S. E. (2d) 788:

There can be no doubt about the power of the courts of general jurisdiction in this State to punish for contempt. This power is not derived from any statute but from the common law which from its inception recognized this implied and necessary power, without which contumacious conduct could well destroy the authority of any court.

And the Court, in *Goff,* quoted with approval the following from *Ex parte Robinson,* 19 Wall. 505, 510, 86 U. S. 505, 22 L. Ed. 205, 207, as follows:

The power to punish for contempts is inherent in all courts. Its existence is essential to the preservation of order in judicial proceedings, and to the enforcement of the judgments, orders and writs of the courts; and consequently to the due administration of justice.

Respondent was convicted of contempt for jury tampering. His actions constituted an offense against the court and were calculated to obstruct, degrade, and undermine the administration of justice. The court has the inherent authority to punish such conduct. This power cannot be abridged. As stated in 20 Am. Jur. (2d), Courts, Section 78:

The phrase "inherent powers" is used to refer to powers included within the scope of a court's jursdiction which a court possesses irrespective of specific grant by Constitution or legislation. Such powers can neither be taken away nor abridged by the legislature.

The existence of power in the Board to pardon one who has been convicted of contempt of court places a restriction upon a fundamental power essential to the court's existence, and cannot be sanctioned.

While we recognized in *State v. Weinberg,* 229 S. C. 286, 92 S. E. (2d) 842, that the legislature has power to impose

*reasonable limitations* on the power of the court to punish for contempt, the validity of any such limitation or restriction would depend upon "whether it reserves to the court sufficient power to protect itself from indignities and to enable it effectively to administer its judicial functions." Annotation—121 A. L. R. 215, 239.

The inherent power of the court to punish for contempt cannot be restricted or limited by any right of the South Carolina Probation, Parole and Pardon Board to parole. The Board was, therefore, without authority to parole respondent. It follows that respondent must be recommitted to the Lexington County jail for the service of the remainder of his sentence; and it is so ordered.

NESS, RHODES and GREGORY, JJ., concur.

LITTLEJOHN, J., not participating.