21951

The STATE, Respondent, v. Clifford BRANTLEY, Appellant.
(305 S. E. (2d) 234)

216

*Deputy Atty. Gen. C. Tolbert Goolsby, Jr., Asst. Atty. Gen. Robert D. Cook* and *Joseph C. Coleman,* Columbia, *for appellant.*

*Staff Atty. Carolyn M. Adams,* Columbia, and *Sol. Randolph Murdaugh, Jr.,* Hampton, *for respondent.*

July 12, 1983.

NESS, Justice:

Appellant Clifford Brantley, Sheriff of Jasper County, was held in contempt of court for failure to appear and testify in Hampton County. Appellant asserts the trial court had no jurisdiction over him and thus lacked authority to hold him in contempt. We disagree and affirm.

The trial judge was presiding over a guilty plea proceeding in Hampton County. Upon being advised the defendant had records in Jasper County, the juc̖ge asked the solicitor's office to notify Sheriff Brantley to appear in court with the records at 2:30 that afternoon.

The sheriff chose not to appear, but sent a deputy with the requested records. The trial judge told the deputy he wanted Sheriff Brantley's presence immediately, but when the sheriff could not be found, he instructed the deputy to "pass the word along to Sheriff Brantley that I want him in court tomorrow morning by 9:30 without fail." The sheriff again failed to appear, explaining later he was busy investigating a shooting. After a full hearing on the merits, the trial court adjudged him in contempt for wilfully and unlawfully failing to obey a court order.

"The power to punish for contempts is inherent in all courts. Its existence is essential to the preservation of order in judicial proceedings, and to the enforcement of the judgments, orders and writs of the courts; and consequently to the due administration of justice."

*State, ex rel. McLeod v. Hite,* 272 S. C. 303, 305, 251 S. E. (2d) 746, 747 (1979), quoting *Ex Parte Robinson,* 19 Wall. 505, 510, 86 U. S. 505, 22 L. Ed. 205, 207.

A trial court has the inherent " 'power to protect itself from indignities and to enable it effectively to administer its judicial functions.' " *State, ex rel. McLeod v. Hite, supra,* at page 306, 251 S. E. (2d) 746; *State v. Weinberg,* 229 S. C. 286, 92 S. E. (2d) 842 (1956).

Appellant contends the trial court lacked jurisdiction because the trial court ordered the sheriff to appear *ex parte,* did not issue a subpoena or subpoena duces tecum, and because he was sheriff in an adjoining county rather than the county where court was being held.

We find these contentions are without merit. Appellant concedes he had actual notice of the hearing and an opportunity to be heard. Moreover, since deputies are authorized agents of sheriffs, appellant waived any jurisdictional objection by sending his deputy. *Willis, et al. v. Aiken County,* 203 S. C. 96, 26 S. E. (2d) 313 (1943).

We hold when the subpoena serves "no purpose other than as a notice to appear" and the appellant admits he received the notice to appear on three occasions, he was in contempt of court in failing to comply. The court's order was valid, was directed to appellant in his official capacity as an officer of the court, and his wilful failure to comply constituted a constructive contempt of court, which tended to "obstruct and embarrass or prevent the due administration of justice." *Long v. McMillan, et al.,* 226 S. C. 598, 609, 86 S. E. (2d) 477 (1955).

Affirmed.

LEWIS, C. J., and LITTLEJOHN and HARWELL, JJ., concur.

GREGORY, J., dissents.

GREGORY, Justice (dissenting):

I disagree with the majority and respectfully dissent.

The Sheriff of Jasper County disregarded an oral request to appear in General Sessions Court for Hampton County. The trial judge was preparing to sentence the son of one of the judge's best friends. They, like the judge and sheriff, were also residents of Jasper County. While I do not commend the sheriff's conduct, I believe the trial judge overreacted when he adjudged the sheriff in contempt of court. A subpoena for the sheriff's appearance should have been served if his failure to appear would trigger contempt proceedings.

The majority states appellant waived any jurisdictional defect and objection by sending a deputy to court with the defendant's Jasper County records. I disagree. However, assuming this to be correct, I would conclude the sheriff appeared through his deputy.

The majority also states the sheriff was ordered to appear in his official capacity. The record simply does not support this. The Sheriff of Jasper County has no official capacity in Hampton County. Also, every statement by the trial judge in the record now before this Court, reflects that appellant was ordered to appear as a mere witness.

Generally, a court cannot punish a witness for contempt of court because of his failure to appear unless he has been legally summoned to appear. 97 C.J.S. *Witnesses*, § 27 (1957). Chapter 7 of Title 19 of the South Carolina Code prescribes the procedure for securing the attendance of witnesses. This procedure was not followed here.

S. C. Code Ann. § 23-15-80 (1976) requires all sheriffs and their deputies to attend the circuit courts held *within their respective counties.* Clearly, appellant could be proceeded against for failure to appear in a circuit court in Jasper County; however, when a circuit court orders a sheriff of another county to appear in that court, I would hold it must acquire personal jurisdiction over the sheriff by use of its subpoena power before it can punish him for contempt of court for failure to appear.

The majority now holds when one receives oral notice to appear, he can be held in contempt of court for failure to comply. The subpoena has, in effect, been rendered needless. Until now, the service of a subpoena, written notice to appear, assured the witness that the court did in fact require his

presence. I believe the majority's holding may subject the summoning process to abuse and therefore dissent.

I would reverse the ruling of the trial judge.