22315

The STATE, Respondent, v. Delores HAVELKA, Appellant.
(330 S. E. (2d) 288)

Supreme Court

*Stephen John Henry*, Greenville, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Atty. Gen. Harold M. Coombs, Jr.,* and *Staff Atty. Norman Mark Rapoport,* Columbia; and *Solicitor William B. Traxler, Jr.,* Greenville, *for respondent.*

May 13, 1985.

*Per Curiam:*

Appellant was held in contempt of court because her manner of dress was unacceptable to trial judge. We reverse.

Appellant accompanied a co-worker to the courthouse and remained in the hallway while her co-worker entered the courtroom for a settlement hearing. The trial judge refused to conduct the settlement hearing, and found appellant's co-worker in contempt of court because her clothes were unsuitable. He then left the bench. Appellant entered the courtroom during the recess. When the trial judge re-entered the courtroom, he held appellant in contempt of court because her manner of dress was unacceptable. While the record does not clearly reflect how appellant was dressed, it is inferrable that she was in painting clothes.

The power to punish for contempt is inherent in all courts, and is essential to the preservation of order in judicial proceedings. *State v. Buchanan,* 279 S. C. 194, 304 S. E. (2d) 819 (1983). A person may be found guilty of direct contempt if his conduct interferes with judicial proceedings, exhibits disrespect for the court, or hampers parties or witnesses. *State v. Weinberg,* 229 S. C. 286, 92 S. E. (2d) 842 (1956).

Except when a person's appearance is so lacking in decorum and dignity as to require immediate sanctions, the trial judge should advise a person whose dress is unacceptable of that fact and ask him to leave the courtroom until he can dress in a suitable manner. Failure to comply with the directive of the court would certainly justify a finding of contempt. *People v. Watts,* 66 Ill. App. (3d) 971, 23 Ill. Dec. 659, 384 N. E. (2d) 453 (1978); 73 A. L. R. (3d) 353.

The record in this case does not reflect that appellant's appearance disrupted or interfered with the

judicial proceedings in any way. Neither does it appear that appellant had any notice that her appearance was unacceptable to the court. Accordingly, appellant's conviction for contempt is

Reversed.