22869

Ex parte Judge Patsy S. STONE, Appellant v.
Brenda REDDIX-SMALLS, Respondent.

(369 S. E. (2d) 840)

Supreme Court

*James S. Rushton, III,* and *Mary Layton Wells,* both of *Hyman, Morgan, Brown, Jeffords, Rushton & Hatfield,* Florence, *for appellant.*

*Thomas R. Sims,* Orangeburg, *for respondent.*

Heard April 5, 1988.

Decided May 23, 1988.

GREGORY, Chief Justice:

This appeal is from an order of the circuit court reversing a contempt order issued by a probate judge. We reverse.

Respondent is a lawyer who appeared before Judge Stone in probate court while representing a client in a proceeding for appointment of a committee. Judge Stone found respondent in contempt after several retorts challenging the judge's authority, including a disparaging comment on the judge's "professionalism."

Judge Stone held respondent in contempt and fined her fifty dollars. On appeal, the circuit court found respondent's remarks inappropriate, but reversed the contempt order because Judge Stone "also pressed the matter in a way that should not have been done." Judge Stone contends the circuit court applied the wrong standard of review in reaching its decision.[1] We agree.

---

[1] S. C. Code Ann. § 62-1-308(f) (1987) provides "no judge of any probate court shall be admitted to have any voice in judging or determining any appeal from his decision. . . ." The issue of this statute's applicability was not raised, however, and we therefore decline to address it.

On appeal, a decision regarding contempt should be reversed only if it is without evidentiary support or the trial judge has abused his discretion. *Means v. Means*, 277 S. C. 428, 288 S. E. (2d) 811 (1982); *Fagan v. Timmons*, 224 S. C. 286, 78 S. E. (2d) 628 (1953). Contemptuous behavior is conduct that tends to bring the authority and administration of the law into disrespect. *State v. Weinberg*, 229 S. C. 286, 92 S. E. (2d) 842 (1956). A person may be found guilty of direct contempt if his conduct interferes with judicial proceedings, exhibits disrespect for the court, or hampers the parties or witnesses. *State v. Havelka*, 285 S. C. 388, 330 S. E. (2d) 288 (1985). The court's power includes the ability to maintain order and decorum. *State v. Weinburg, supra; see also State v. Brantley*, 279 S. C. 215, 305 S. E. (2d) 234 (1983).

The record indicates Judge Stone did not abuse her discretion in holding respondent in contempt for her exhibition of disrespect for the court. Accordingly, the order of the circuit court is reversed and the contempt order is reinstated.

Reversed.

CHANDLER, FINNEY, and TOAL, JJ., and BRUCE LITTLEJOHN, Acting Associate Justice, concur.