544 S.E.2d 632

**In the Matter of Darrell Lester DIGGS, Respondent.**

Supreme Court of South Carolina.

March 26, 2001.

## ORDER

We ordered Darrell Lester Diggs ("Diggs") to appear at the South Carolina Supreme Court on February 7, 2001 to show cause why he should not be held in civil or criminal contempt for failing to comply with a subpoena issued by the Office of Disciplinary Counsel. We find Diggs in civil contempt for failing to produce documents requested in the December 1, 2000, subpoena issued by the Office of Disciplinary Counsel.

The power to punish for contempt is inherent in all courts and is essential to the preservation of order in judicial proceedings. *In re Brown*, 333 S.C. 414, 511 S.E.2d 351 (1998) (citations omitted). Wilful disobedience of an order of the Court may result in contempt. *Id.* A wilful act is defined as one "done voluntarily and intentionally with the specific intent to do something the law forbids, or with the specific intent to fail to do something the law requires to be done, that is to say, with bad purpose either to disobey or disregard the law." *Id.* at 420–421, 511 S.E.2d at 355 (quoting *Spartanburg County Dep't of Social Servs. v. Padgett*, 296 S.C. 79, 370 S.E.2d 872 (1988)).

Diggs has not fully complied with the subpoena personally served on him on December 1, 2000. According to Special Investigator Huffstetler's Affidavit, Diggs has not produced the bank statements and cancelled checks from Regions Bank for the months of October 1998, February 1999, March 1999, December 1999, July 2000, and September 2000. Diggs has also not produced bank statements and cancelled checks from Security Federal Bank for the months of March 1999, September 1999 through December 1999, or any months for the year 2000. Furthermore, Diggs has failed to produce statements and cancelled checks from Bank of America for the months of

February through December 1999, or any month for the year 2000. Finally, no documents, including ledger sheets, cancelled checks, or other similar documents, have been produced concerning a pending disciplinary matter. Therefore, Diggs failed to comply with the subpoena. Rule 15(d) of Rule 413 provides that the wilful failure to comply with the subpoena issued under Rule 15 may be punished as contempt.

Disciplinary Counsel asked the Court to place Diggs on interim suspension and hold him in contempt for failing to comply with a subpoena issued by Disciplinary Counsel. On December 14, 2000, this Court placed Diggs on interim suspension from the practice of law pursuant to Rule 17, RLDE, Rule 413 SCACR, because he poses a threat of serious harm to the public or to the administration of justice. The Court also ordered Todd James Johnson, Esq. ("Johnson") to assume responsibility for Diggs' files and accounts.

The January 11, 2001 order, with attached Petition for Interim Suspension and Contempt, were hand delivered to SLED for service on Diggs. SLED officers have been unable to personally serve Diggs. On January 24, 2001, the Order and Petition for Interim Suspension were sent by certified mail to four addresses.

On January 24, 2001, Disciplinary Counsel sent a letter requesting the Court hear all matters relating to Diggs at the Rule to Show Cause on February 7, 2001. Particularly, Disciplinary Counsel wants the Court to be aware that Johnson, the court-appointed attorney responsible for Diggs' clients, has had difficulty getting cooperation from Diggs. Diggs has only released approximately twelve client files to Johnson. As a result, Disciplinary Counsel sent an order to Diggs requiring that he immediately relinquish to Johnson all client files and bank records in order to protect the clients involved. On January 26, 2001, the Court sent Diggs a letter and a copy of documents filed by Disciplinary Counsel concerning his client files and bank records.

The Rule to Show Cause in this contempt matter was mailed to Diggs' last known address, and someone other than Diggs signed for it. According to Rule 410(d), SCACR, "[i]t shall be the responsibility of all members of the Bar to promptly notify the Secretary of the South Carolina Bar of

any change of address. The member's address which is on file with the South Carolina Bar shall be the address which is used for all purposes of notifying and *serving* the member." (emphasis added). We, therefore, find Diggs was properly served in this matter. While Disciplinary Counsel has enough evidence to proceed with the matters against Diggs, we hold Diggs in civil contempt for wilfully failing to provide the documents requested in the December 1, 2000, subpoena and, most importantly, for wilfully failing to provide client files to Johnson, the court-appointed attorney responsible for Diggs' clients. We, therefore, sentence Diggs to an indefinite term of imprisonment, and direct law enforcement officers to apprehend Diggs in accordance with this order. Diggs may purge himself of contempt and be released upon the production of the required documents. In light of this civil contempt sentence, we decline to decide the criminal contempt matter at this time.

/s/ Jean H. Toal, C.J.

/s/ James E. Moore, J.

/s/ John H. Waller, Jr., J.

/s/ E.C. Burnett, III, J.

/s/ Costa M. Pleicones, J.