641 S.E.2d 35

**David RHOAD, Appellant,**

v.

**The STATE, Respondent.**

**No. 4195.**

Court of Appeals of South Carolina.

Submitted Nov. 1, 2006.

Decided Jan. 16, 2007.

Rehearing Denied Feb. 27, 2007.

Assistant Appellate Defender Robert M. Dudek, of Columbia, for Appellant.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General Deborah R.J. Shupe, all of Columbia; and Solicitor Barbara R. Morgan, of Aiken, for Respondent.

BEATTY, J.:

David Rhoad appeals the post-conviction relief (PCR)

judge's decision to hold him in contempt. We affirm.[1]

## FACTS

Rhoad was convicted of DUI and criminal domestic violence of a high and aggravated nature (CDVHAN) and sentenced to five years imprisonment. Rhoad filed a PCR application, but he informed the PCR judge on the day of the hearing that he wished to withdraw his application. After the judge accepted his withdrawal, Rhoad made an obscene gesture to his trial counsel before leaving the courtroom.

Rhoad was brought back into the courtroom and questioned about his actions. Rhoad first admitted he "might have flipped [trial counsel] off," but then he denied that he did it. The judge took testimony from witnesses in the courtroom to confirm that Rhoad had in fact made an obscene gesture. Rhoad then informed the judge of his frustration with his trial counsel, and he apologized to trial counsel and the judge. The judge held Rhoad in contempt and sentenced him to one year imprisonment consecutive to his current sentence. Rhoad then exclaimed to the judge, "F* *k you, you bastard." The judge held Rhoad in contempt for that statement and sentenced him to another year consecutive to Rhoad's current sentence.

On his way out of the courtroom, Rhoad apparently fought with the deputies, and he was brought back in to be chastised by the judge. Although Rhoad denied that he was fighting with the deputies, the judge warned him that he would receive "another year" if Rhoad raised his voice again. Despite ordering two consecutive, one-year sentences for contempt at the hearing, the orders signed by the judge imposed two, six-month sentences for contempt on Rhoad to be served consecutively to his prior sentences and consecutively to each other. This appeal followed.

## STANDARD OF REVIEW

A determination of contempt ordinarily resides in the sound discretion of the trial court. *Whetstone v. Whet-*

---

1. Because oral argument would not aid the court in resolving the issues on appeal, we decide this case without oral argument pursuant to Rule 215, SCACR.

*stone,* 309 S.C. 227, 233, 420 S.E.2d 877, 880–81 (Ct.App.1992). "This court will reverse a trial court's decision regarding contempt only if it is without evidentiary support or is an abuse of discretion. An abuse of discretion can occur where the trial court's ruling is based on an error of law." *First Union Nat'l Bank v. First Citizens Bank & Trust Co. of South Carolina,* 346 S.C. 462, 466, 551 S.E.2d 301, 303 (Ct. App.2001) (citations omitted).

## LAW/ANALYSIS

### I. Finding of Contempt

Rhoad argues the judge erred in holding him in contempt for "gesturing" at trial counsel as he walked out of the courtroom because: he apologized; his "juvenile" conduct was not disruptive; the gesture was not directed at the court; and he was not previously warned that such conduct would be considered contemptuous.[2] We disagree.

Inherent in all courts is the power to punish for contempt to preserve order and maintain decorum in judicial proceedings. *In re Diggs,* 344 S.C. 434, 434, 544 S.E.2d 632, 632 (2001); *Stone v. Reddix–Smalls,* 295 S.C. 514, 516, 369 S.E.2d 840, 841 (1988) ("The court's power includes the ability to maintain order and decorum."). Contemptuous conduct in the presence of the court is direct contempt. *Brandt v. Gooding,* 368 S.C. 618, 628, 630 S.E.2d 259, 264 (2006); *State v. Kennerly,* 337 S.C. 617, 620, 524 S.E.2d 837, 838 (1999). "A person may be found guilty of direct contempt if his conduct interferes with judicial proceedings, exhibits disrespect for the court, or hampers parties or witnesses." *State v. Havelka,* 285 S.C. 388, 389, 330 S.E.2d 288, 288 (1985). "Direct contempt that occurs in the court's presence may be immediately adjudged and sanctioned summarily." *Brandt,* 368 S.C. at

---

**2.** Rhoad does not complain about the finding of contempt for his profane outburst and admits in his brief that the outburst constituted classic contempt. It is interesting to note that the gesture Rhoad used is commonly understood to have the same meaning as the words he used in his profane outburst. In any event, because Rhoad failed to appeal the finding of contempt for the profane outburst, it is the law of the case. *State v. Sampson,* 317 S.C. 423, 427, 454 S.E.2d 721, 723 (Ct.App.1995) (holding that an unchallenged ruling, right or wrong, is the law of the case).

628, 630 S.E.2d at 264. South Carolina courts have taken an expansive view of the "presence" and "court" requirements to encompass all elements of the judicial system, not just the mere physical presence of the judge or courtroom. *Kennerly*, 337 S.C. at 620, 524 S.E.2d at 838.

■ There is sufficient evidence in the record to support the judge's finding of contempt for Rhoad's gesture. Regardless of whether Rhoad's hearing had concluded, Rhoad failed to show proper decorum in the courtroom and exhibited a disrespect for the court so inherent that no warning of possible contempt was necessary. It is irrelevant that the obscene gesture was not directed at the judge. Despite Rhoad's argument that the "juvenile" gesture was not disruptive, the gesture interrupted courtroom proceedings and necessitated a hearing to address his actions. Further, Rhoad's post-gesture apology did not change the fact that he failed to act with proper decorum in the presence of the judge. Because there was sufficient evidence to support the judge's finding of contempt for Rhoad's use of an obscene gesture, we find the judge did not abuse his discretion.

## II. Entitlement to a Jury Trial

Rhoad argues that his two, one-year consecutive sentences for contempt should be vacated because he was entitled to a jury trial pursuant to *Codispoti v. Pennsylvania*, 418 U.S. 506, 94 S.Ct. 2687, 41 L.Ed.2d 912 (1974). We disagree.

■ An accused is guaranteed the right of a speedy trial via the Sixth and Fourteenth Amendments to the Constitution. *Codispoti*, 418 U.S. at 511, 94 S.Ct. 2687. Petty crimes can generally be tried without a jury trial, but serious crimes require a jury trial if the accused requests one. *Id.; Bloom v. Illinois*, 391 U.S. 194, 209–10, 88 S.Ct. 1477, 20 L.Ed.2d 522 (1968). Courts normally look to the maximum punishment assigned by the legislature in determining whether a sentence is serious or petty. *Lewis v. United States*, 518 U.S. 322, 326, 116 S.Ct. 2163, 135 L.Ed.2d 590 (1996). Crimes with punishments of six months or less are presumably "petty," while crimes with punishments greater than six months are presumably "serious." *Id.*

Where the legislature fails to assign a maximum penalty, courts look to the "severity of the penalty actually imposed as the measure of the character of the particular offense." *Lewis*, 518 U.S. at 328, 116 S.Ct. 2163; *Codispoti*, 418 U.S. at 511, 94 S.Ct. 2687. In noting the special concerns raised by criminal contempt matters, the Supreme Court has further noted that a jury trial is favorable in order to avoid the likelihood of arbitrary action by a judge in the potentially heated contempt context. *Lewis*, 518 U.S. at 329, 116 S.Ct. 2163. Nevertheless, a contemnor may be tried without a jury under certain circumstances, as long as the sentence imposed is no longer than six months. *Codispoti*, 418 U.S. at 514, 94 S.Ct. 2687 ("Undoubtedly, where the necessity of circumstances warrants, a contemnor may be summarily tried for an act of contempt during trial and punished by a term of no more than six months.").

The South Carolina General Assembly has not assigned a maximum penalty for contempt in circuit court cases. *See* S.C.Code Ann. § 14–5–320 (1976) ("The circuit court may punish by fine or imprisonment, at the discretion of the court, all contempts of authority in any cause or hearing before the same."); S.C.Code Ann. § 17–25–30 (2003) ("In cases of legal conviction when no punishment is provided by statute the court shall award such sentence as is conformable to the common usage and practice in this State, according to the nature of the offense, and not repugnant to the Constitution."). Because the legislature has not imposed a maximum sentence on contempt, we look to the sentence Rhoad actually received to determine whether it could be characterized as "petty" or "serious." Although Rhoad complains about the two, one-year consecutive sentences that were orally pronounced at the contempt hearing, the judge's final order actually imposed two consecutive sentences of six months. The two consecutive six-month sentences are the equivalent of a one-year sentence. Thus, the sentences were such that would normally entitle a defendant to a jury trial if he or she requested one. *See Codispoti*, 418 U.S. at 516–17, 94 S.Ct. 2687 (looking to the sentence actually imposed, the Supreme Court held that because the defendant's consecutive, six-month sentences on seven counts of contempt amounted to a sentence of greater

than three years, he was tried for the equivalent of a serious offense and was entitled to a jury trial).

Nevertheless, we must affirm. Rhoad cites *Codispoti* in arguing he was entitled to a jury trial. However, the defendant in *Codispoti* requested, and was denied, a jury trial on his contempt charges. *Codispoti*, 418 U.S. at 507–08, 94 S.Ct. 2687. Rhoad never requested a jury trial, and he never objected to the imposition of the contempt sentences without a jury trial. Because Rhoad failed to request a jury trial and failed to object to the length of his sentence, this issue is not preserved for appellate review. *State v. Johnston*, 333 S.C. 459, 462, 510 S.E.2d 423, 425 (1999) (holding that a sentence which exceeds the maximum allowable is not a question of subject matter jurisdiction; thus, unless an objection was made to the sentence at trial, the issue is not preserved for review); *State v. Hicks*, 330 S.C. 207, 216, 499 S.E.2d 209, 214 (1998) (holding that issues not raised to or ruled upon by the trial judge are not preserved for appellate review).

Thus, although there may be merit to the question of whether Rhoad was *entitled* to a jury trial, Rhoad was obligated to bring that issue to the attention of the judge. Because he failed to do so, we may not address it. *State v. Passmore*, 363 S.C. 568, 586, 611 S.E.2d 273, 283 (Ct.App.2005) (holding that despite the fact that the defendant was sentenced to greater than six months for contempt without the benefit of a jury trial, defendant failed to object to the sentence and the issue was not preserved for appellate review), *cert. denied* (Sept. 7, 2006).[3]

---

**3.** We also note Rhoad complains that the oral sentences of one year on each count of contempt were unconstitutional and that the court erred by reducing them. Judges are not bound by oral rulings and are free to issue written orders in conflict with prior oral rulings. *First Union Nat'l Bank of S.C. v. Hitman, Inc.*, 308 S.C. 421, 422, 418 S.E.2d 545, 545 (1992). Until an order is written and entered, the judge is free to change his mind and amend prior rulings. *Ford v. State Ethics Comm'n*, 344 S.C. 642, 646, 545 S.E.2d 821, 823 (2001) ("Until written and entered, the trial judge retains the discretion to change his mind and amend his oral ruling accordingly."). Because the final sentence imposed on each count of contempt was six months, there is no *factual* basis to support Rhoad's complaint regarding the consecutive one-year sentences. Even if Rhoad's argument could be construed as a complaint that the two consecutive six-month sentences were unconstitu-

## CONCLUSION

The PCR judge did not abuse his discretion in holding Rhoad in contempt for making an obscene gesture at trial counsel at the end of the PCR hearing. Rhoad did not appeal the finding of contempt for the profane outburst directed at the judge, and it is the law of the case. Although Rhoad was entitled to a jury trial where the aggregate of his sentences for contempt exceeded six months, he did not request a jury trial nor did he object, and thus, that issue is not preserved for our review.

Accordingly, Rhoad's convictions and sentences for contempt are

**AFFIRMED.**

ANDERSON and HUFF, JJ., concur.

tional, we have previously found Rhoad's failure to request a jury trial or to object to the sentence rendered this argument not preserved for appellate review. *Passmore,* 363 S.C. at 586, 611 S.E.2d at 283.