674 S.E.2d 174

**The STATE, Respondent,**

v.

**James W. BODENSTEDT, Jr., Appellant.**

**No. 4495.**

Court of Appeals of South Carolina.

Submitted Jan. 6, 2009.
Decided Jan. 28, 2009.
Rehearing Denied March 24, 2009.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General Julie M. Thames, all of Columbia; and Solicitor Robert M. Ariail, of Greenville, for Respondent.

Chief Appellate Defender Joseph L. Savitz, III, South Carolina Commission on Indigent Defense, Division of Appellate Defense, of Columbia, for Appellant.

PER CURIAM:

In this case, James W. Bodenstedt, Jr., appeals the plea judge's decision to increase his sentence from six to eight years' imprisonment. Bodenstedt contends the plea judge erred by increasing his sentence, instead of finding him in contempt of court for his disruptive behavior after sentencing. We reverse.[1]

Bodenstedt worked for a traveling carnival based out of Florida. In October 2005, he telephoned the victim, Donald McCarter, the father of a fellow carnival worker, at his home in Easley, South Carolina, and made false representations to him. Specifically, Bodenstedt informed McCarter that his son was in the hospital and he needed money to pay his son's medical bills. Based upon these false representations, McCarter sent more than $2,000 to Bodenstedt.

Upon indictment, Bodenstedt pled guilty to obtaining money by false pretenses. The State recommended a sentence of "one year active time with a probationary sentence to follow" and restitution. Bodenstedt informed the plea judge that he contrived to deceive McCarter because he and his wife, who

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

was diagnosed with terminal cancer, were in financial trouble. Thereafter, the plea judge sentenced Bodenstedt to six years' imprisonment and required him to pay restitution of $2,383.11. The plea judge informed Bodenstedt that he had ten days after imposing a sentence to reconsider the matter, and if full restitution was made within ten days, the sentence would be reconsidered.

Following sentencing, the plea judge realized that Bodenstedt was being disruptive outside of the courtroom and requested that an officer return Bodenstedt to the courtroom. The plea judge again stated to Bodenstedt that he had "the authority to amend this sentence within ten days at any time it's given." Subsequently, the plea judge increased Bodenstedt's sentence to seven years' imprisonment. Bodenstedt left the courtroom and again became disruptive. The plea judge requested that an officer return Bodenstedt to the courtroom for a second time, and the plea judge increased Bodenstedt's sentence to eight years.

As to whether it was proper for the plea judge to increase Bodenstedt's sentence instead of punishing him for contempt of court, we find that the contempt power was the proper mechanism for punishing disruptive behavior that occurred after sentencing. *See Miller v. Miller,* 375 S.C. 443, 453–54, 652 S.E.2d 754, 759–60 (Ct.App.2007) (internal citations omitted) (stating that courts have inherent power to punish for contemptuous conduct, to preserve order in judicial proceedings, and to enforce judgments and orders). "Contemptuous behavior" is conduct which tends to bring the authority and the administration of the law into disrespect. *Burns v. Universal Health Servs. Inc.,* 340 S.C. 509, 515, 532 S.E.2d 6, 10 (Ct.App.2000) (citing *Stone v. Reddix–Smalls,* 295 S.C. 514, 516, 369 S.E.2d 840, 840 (1988)). In addition, direct contempt involves contemptuous conduct in the presence of the court. *State v. Kennerly,* 337 S.C. 617, 620, 524 S.E.2d 837, 838 (1999). A person may be found guilty of direct contempt if the conduct interferes with judicial proceedings, exhibits disrespect for the court, or hampers the parties or witnesses. *State v. Havelka,* 285 S.C. 388, 389, 330 S.E.2d 288, 288 (1985). Direct contempt that occurs in the court's presence may be immediately adjudged and sanctioned summarily. *Int'l Union, United Mine Workers of Am. v. Bagwell,* 512 U.S. 821, 827, 114 S.Ct. 2552, 129 L.Ed.2d 642 (1994).

In the instant case, the plea judge had already imposed Bodenstedt's sentence prior to his disrespectful and contemptuous behavior in the presence of the court. While it is certainly within the plea judge's power to punish a defendant for disruptive behavior, the plea judge should have held Bodenstedt in contempt of court, as is authorized by law. Therefore, we reverse the plea judge's two-year increase of appellant's sentence and remand to the trial court for reinstatement of the original sentence of six years' imprisonment.

**REVERSED AND REMANDED.**

WILLIAMS, J., PIEPER, J., and GEATHERS, J. concur.