THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Jacob Davison, Appellant,
 
 
 

v.

 
 
 
 David Michael Scaffe, Defendant,
 Wachovia Bank,
 N. A., Respondent.
 
 
 

Appeal From Berkeley County
Robert E. Watson, Master-In-Equity

Unpublished Opinion No.  2011-UP-328 
 Submitted June 1, 2011  Filed June 27,
2011
Withdrawn, Substituted and Refiled
September 20, 2011

AFFIRMED

 
 
 
 Jacob Davison, pro se, of Fairfax, Virginia, for Appellant.
 William Howell Morrison and Robert E. Summer, IV, both of
 Charleston, for Respondent.
 
 
 

PER CURIAM:  Jacob
 Davison appeals from the master-in-equity's failure to hold Wachovia in
 contempt for violating a rule to show cause order.  On appeal, Davison contends
 the master (1) erred in finding Wachovia was not in contempt of the rule to
 show cause order; (2) improperly refused to consider Davison's motion to
 compel; and (3) erred in failing to award damages or attorney's fees to
 Davison.  We disagree and affirm.[1]
1.  "A determination of contempt ordinarily resides
 in the sound discretion of the trial judge."  Cheap-O's Truck Stop,
 Inc. v. Cloyd, 350 S.C. 596, 607, 567 S.E.2d 514, 519 (Ct. App. 2002)
 (quotation marks and internal citations omitted).  "On appeal, a decision
 regarding contempt should be reversed only if it is without evidentiary support
 or the [master] has abused his discretion."  Stone v. Reddix-Smalls,
 295 S.C. 514, 516, 369 S.E.2d 840, 840 (1998) (citation omitted).  
Section 36-4-303 of the South
 Carolina Code (Supp. 2010)[2] pertains to the situation when a bank's notice of a court ordered asset freeze
 comes too late.  Specifically, the statute provides:

 Any knowledge, notice or stop-payment order received
 by, legal process served upon, or setoff exercised by a payor bank comes too
 late to terminate, suspend, or modify the bank's right or duty to pay an item
 or to charge its customer's account for the item if the knowledge, notice,
 stop-payment order or legal process is received or served and a reasonable time
 for the bank to act thereon expires or the setoff is exercised after the
 earliest of the following:
 (1) the bank accepts or certifies the item;
 (2) the bank pays the item in cash.

S.C. Code Ann. § 36-4-303(a) (Supp. 2010). 
Here, the master did not abuse his discretion in
 finding Wachovia did not violate the rule to show cause order. Evidence
 in the record indicates Wachovia certified the $58,850.00 official check and
 paid Scaffe $7,000.00 in cash prior to receiving notice of Davison's judgment
 against Scaffe.  The Wachovia transaction log and the testimony of the Wachovia
 teller handling the certification of the official check and the cash withdrawal
 indicate the teller completed the transactions at 3:22 p.m. on April 22, 2008. 
 Wachovia did not receive notice of Davison's judgment against Scaffe until 3:51
 p.m. on April 22, 2008.  Accordingly, Wachovia certified the check and paid out
 the cash prior to receiving notice of the need to freeze Scaffe's account.  Additionally,
 Wachovia's certification of the check constituted acceptance of the check,
 thereby legally binding itself to pay the check to one rightfully entitled to
 the funds.  See S.C. Code Ann. § 36-3-411 (Supp. 2010).  
2.  As to whether the master improperly refused
 to consider Davison's motion to compel:  I'On
 v. Town of Mount Pleasant, 338 S.C.
 406, 422, 526 S.E.2d 716, 724 (2000) (stating parties should raise all
 necessary issues and arguments to trial court and attempt to obtain a ruling in
 order to preserve the issues for appellate review).  
3. As to whether the master
 erred in awarding no damages or attorney's fees to Davison: Id. (stating
 parties should raise all necessary issues and arguments to trial court and
 attempt to obtain a ruling in order to preserve the issues for appellate review).
AFFIRMED.
SHORT,
 KONDUROS, and GEATHERS, JJ., concur.

[1] We decide this
 case without oral argument pursuant to Rule 215, SCACR.
[2] The trial court cited to the 2008 amendment of this
 statute, which had an effective date of July 1, 2008, even though the action
 arose in April 2008.  Because the 2008 revision did not change the substance of
 the statute, the result would not have been different even if the master had
 used the version applicable at the time the action arose.  Neither party
 objected to the master's use of the 2008 version.  Because the current version
 of the statute is identical to the 2008 revision, we have cited to the current
 version.