THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Dale Hill, Betty Hill, Carl Clemmons, Geraldine Clemmons, Individually, and on behalf of a Class of all others similarly situated, Appellants,
 v.
 Deertrack Golf and Country Club, Inc., Deertrack Golf, Inc., Deerfield Plantation, Inc., the Estate of John Schaad, by and through Ann Schaad as Executrix, and Deertrack Investors, LLC, Respondents,
 Deertrack Investors, LLC, Third-Party Plaintiff,
 v.
 Plantation Resort of Myrtle Beach, Inc., and Plantation Resort Properties, Inc., Third-Party Defendants.
 
 
 

Appeal From Horry County
  Thomas W. Cooper, Jr., Circuit Court
Judge

Unpublished Opinion No. 2012-UP-219
 Heard January 4, 2012  Filed April 4,
2012

AFFIRMED

 
 
 
 David B. Miller and Robert S. Shelton, both of Myrtle Beach, for
 Appellants.
 Amanda A. Bailey and Henrietta U. Golding, both of Myrtle Beach; Jerry
 Petus of Lake Wylie; and Richard Michael Smith of Georgetown, for Respondents.
 
 
 

PER CURIAM: Dale
 Hill[1] and
 other homeowners of lots 1 through 458 in Deerfield Plantation (Homeowners)
 filed this declaratory judgment action against Respondents[2] seeking an injunction[3] to prohibit
 Respondents from converting certain portions of a golf course and clubhouse,
 which are adjacent to Homeowners' lots, into residential homes.  By order filed
 November 5, 2008, the trial court granted Respondents' motion for summary
 judgment, finding Homeowners had no rights to the property.  The court also
 cancelled the lis pendens on the property.  On reconsideration, the court set
 aside the November 5, 2008 order as to the issue of Homeowners' rights to the
 property, denied Respondents' motion for summary judgment, and dismissed by
 consent the claims for negligent misrepresentation, fraud, and violations of the
 UTPA.  The declaratory judgment cause of action was severed from the remaining
 claims, and the matter was referred to the special referee.  The referee found
 no restrictions on the property and cancelled the lis pendens.  The referee
 also denied Homeowners' motion to reconsider.  Homeowners appealed.  We affirm
 pursuant to Rule 220(b), SCACR, and the following authorities:

 1. As to Homeowners'
 argument the order cancelling the lis pendens was rescinded: Noisette v. Ismail, 304 S.C. 56, 58, 403 S.E.2d 122, 124 (1991) (requiring an issue to be
 both raised to and explicitly ruled on to preserve it for appellate review); Rhoad
 v. State, 372 S.C. 100, 108 n.3, 641 S.E.2d 35, 39 n.3 (Ct. App. 2007)
 (finding an order is not final until it is written and entered).  
 2. As
 to Homeowners' arguments regarding the
 existence of an easement and no effective disclaimer, we adopt the special
 referee's well-reasoned order:  Grosshuesch v. Cramer, 367 S.C. 1, 6,
 623 S.E.2d 833, 835 (2005) (adopting the reasoning set forth in the trial
 court's order as to some of the issues on appeal).

AFFIRMED.
SHORT,
 WILLIAMS, and GEATHERS, JJ. concur. 

[1] Dale Hill,
 Betty Hill, Carl Clemmons, and Geraldine Clemmons are class representatives,
 and the class was certified by order filed November 9, 2009. 
[2] Deertrack Golf
 and Country Club, Inc., Deertrack Golf, Inc., Deerfield Plantation, Inc., the
 Estate of John Schaad, by and through Ann Schaad as Executrix, and Deertrack
 Investors, LLC.
[3] Homeowners also
 alleged negligent misrepresentation, fraud, violation of the South Carolina
 Unfair Trade Practices Act (UTPA), and civil conspiracy.