THIS
 OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Michael Tabone, Appellant,
 
 
 

v.

 
 
 
 Greenville County, Respondent.
 
 
 

Appeal From Greenville County
Robin B. Stilwell, Circuit Court Judge

Unpublished Opinion No. 2012-UP-279 
 Submitted April 2, 2012 - Filed May 9,
2012

AFFIRMED

 
 
 
 Adam Fisher, Jr., of Greenville, for
 Appellant.
 H. Dean Campbell and Jeffrey D. Wile, both
 of Greenville, for Respondent.
 
 
 

PER CURIAM: Michael Tabone
 appeals the circuit court's order affirming the magistrate's finding him in
 contempt, arguing the contempt finding violated his due process rights. We
 affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities: 
1.  As to whether the contempt finding
 violated Tabone's due process rights: State v. Passmore, 363 S.C. 568,
 584, 611 S.E.2d 273, 282 (Ct. App. 2005) (holding due process claims must be
 raised to and ruled upon by the circuit court in order to preserve them for
 review on appeal). 
2. As to whether the circuit court
 erred in affirming the magistrate's finding Tabone in contempt: Miller v.
 Miller, 375 S.C. 443, 452, 652 S.E.2d 754, 759 (Ct. App. 2007) ("An
 appellate court should reverse a decision regarding contempt only if it is
 without evidentiary support or the [circuit court] has abused [its]
 discretion. An abuse of discretion occurs either when the court is controlled
 by some error of law or where the order, based upon findings of fact, lacks
 evidentiary support." (citations and quotation marks omitted)); State
 v. Kennerly, 331 S.C. 442, 450-51, 503 S.E.2d 214, 219 (Ct. App. 1998)
 ("Direct contempt is defined as contemptuous conduct occurring in the
 presence of the court. South Carolina courts have liberally applied the presence
 requirement . . . . The court consists not of the judge, the courtroom, the
 jury, or the jury room individually, but of all of these combined. The court is
 present wherever any of its constituent parts is engaged in the prosecution of
 the business of the court according to law." (citations and quotation
 marks omitted)); Rhoad v. State, 372 S.C. 100, 106, 641 S.E.2d 35, 37 (Ct.
 App. 2007) ("South Carolina courts have taken an expansive view of the
 presence and court requirements to encompass all elements of the judicial
 system, not just the mere physical presence of the judge or courtroom."
 (internal quotation marks omitted)). 
AFFIRMED.
WILLIAMS,
 THOMAS, and LOCKEMY, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.