**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Roy M. Bowling, Sr., Respondent,

v.

Jennifer Bowling, Appellant.

Appellate Case No. 2010-157448

———————————

Appeal From Berkeley County
Wayne M. Creech, Family Court Judge

———————————

Unpublished Opinion No. 2012-UP-466
Heard June 5, 2012 – Filed August 1, 2012

———————————

**REVERSED**

———————————

Gregory A. DeLuca, of DeLuca & Maucher, L.L.P., of
Goose Creek, for Appellant.

Grover C. Seaton, IV, of Grover Seaton Law Firm, LLC,
of Moncks Corner, for Respondent.

———————————

**PER CURIAM:** Jennifer Bowling (Wife) appeals the family court's order (1) finding her in direct criminal contempt and (2) imposing a conditional sentence. We reverse.

Direct contempt is conduct in the presence of the court that willfully interferes with judicial proceedings, exhibits disrespect for the court, or hampers the parties or witnesses. *State v. Brandt*, 393 S.C. 526, 540-41, 713 S.E.2d 591, 598 (2011). "Perjury or false swearing may constitute contempt of court." *State v. Stanley*, 365 S.C. 24, 35, 615 S.E.2d 455, 460 (Ct. App. 2005) (citing *Crute v. Crute*, 70 S.E.2d 727, 728 (Ga. App. 1952)). However, the purpose for exercising the contempt power should be used sparingly and be based upon the need to preserve order in judicial proceedings, enforce judgments, orders and writs, and ensure "the due administration of justice." *State ex rel. McLeod v. Hite*, 272 S.C. 303, 305, 251 S.E.2d 746, 747 (1979).

Here, the family court's contempt finding was made after trial concluded, and the need to ensure courtroom decorum and authority by exercising the contempt power is reduced when the contemptuous conduct is not addressed until after trial concludes. *Cf. Codispoti v. Penn.*, 418 U.S. 506, 515 (1974) (noting that when the trial court postpones until after the verdict the conviction for contemptuous acts during trial, "there is no overriding necessity for instant action to preserve order"). More importantly, the family court's contempt finding focused exclusively on whether Wife's testimony was truthful, and its own explanation belies any assertion that the contempt power was exercised to preserve order in the trial or ensure Wife's subsequent compliance with a prior order. In fact, the family court's expressed purpose for imposing the conviction was "a matter of word getting out" to people not involved in the litigation at all. Under the circumstances of this case, we believe the family court abused its discretion.

Because we reverse Wife's contempt conviction, we need not consider her remaining issue. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (ruling the court need not review remaining issues when its determination of a prior issue is dispositive).

**REVERSED.**

**WILLIAMS, THOMAS, and LOCKEMY, JJ., concur.**