**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Gayle G. Morgan, Appellant.

Appellate Case No. 2014-002664

Appeal From Florence County
D. Craig Brown, Circuit Court Judge

Unpublished Opinion No. 2016-UP-435
Submitted September 1, 2016 – Filed October 19, 2016

**AFFIRMED**

Rose Mary Parham, of Parham Law Firm, LLC, of Florence, for Appellant.

Thomas Wells Nicholson, of the Department of Probation, Parole and Pardon Services, of Columbia; and Solicitor Edgar Lewis Clements, III, of Florence, for Respondent.

**PER CURIAM:**  Affirmed pursuant to Rule 220(b), SCACR, and the following authorities:  *Rhoad v. State*, 372 S.C. 100, 104, 641 S.E.2d 35, 37 (Ct. App. 2007) ("A determination of contempt ordinarily resides in the sound discretion of the trial

court."); *id.* at 105, 641 S.E.2d at 37 ("This court will reverse a trial court's decision regarding contempt only if it is without evidentiary support or is an abuse of discretion. An abuse of discretion can occur where the trial court's ruling is based on an error of law." (quoting *First Union Nat'l Bank v. First Citizens Bank & Trust Co. of S.C.*, 346 S.C. 462, 466, 551 S.E.2d 301, 303 (Ct. App. 2001))); S.C. Code Ann. § 14-5-320 (1977) ("The [trial] court may punish by fine or imprisonment, at the discretion of the court, all contempts of authority in any cause or hearing before the same."); *State ex rel. McLeod v. Hite*, 272 S.C. 303, 305, 251 S.E.2d 746, 747 (1979) (stating the [trial] court has the inherent authority to punish for offenses against the court that were "calculated to obstruct, degrade, and undermine the administration of justice"); *State v. Brandt*, 393 S.C. 526, 538, 713 S.E.2d 591, 597 (2011) ("The Double Jeopardy Clauses of the United States and South Carolina Constitutions operate to protect citizens from being twice placed in jeopardy of life or liberty for the same offense."); *Blockburger v. United States*, 284 U.S. 299, 304 (1932) ("The applicable rule [in determining whether the double jeopardy clause has been violated] is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.").

**AFFIRMED.**[1]

**LOCKEMY, C.J., and KONDUROS and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.