**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Loushonda Myers, Appellant.

Appellate Case No. 2014-002776

———————

Appeal From Georgetown County
Kristi Lea Harrington, Circuit Court Judge

———————

Unpublished Opinion No. 2018-UP-196
Submitted April 1, 2018 – Filed May 9, 2018

———————

**AFFIRMED**

———————

Loushonda Myers, of Georgetown, pro se.

Attorney General Alan McCrory Wilson and Assistant Attorney General Vann Henry Gunter, Jr., both of Columbia; and Solicitor Jimmy A. Richardson, II, of Conway, all for Respondent.

———————

**PER CURIAM:** Loushonda Myers appeals her conviction for direct criminal contempt and sentence of six months' imprisonment, arguing the trial court erred by (1) denying her due process of law, (2) denying her the right to a fair trial, (3) appointing an attorney on her behalf, (4) denying her request for a jury trial, (5)

improperly exercising jurisdiction, (6) finding she had engaged in the unauthorized practice of law, (7) interfering with a contract, (8) depriving her of her fundamental rights, (9) limiting her right to be heard, and (10) committing fraud.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to the first issue, we find Myers was not denied due process.  *See Dangerfield v. State*, 376 S.C. 176, 179, 656 S.E.2d 352, 354 (2008) ("The procedural component of the state and federal due process clauses requires the individual whose property or liberty interests are affected to have received adequate notice of the proceeding, the opportunity to be heard in person, the opportunity to introduce evidence, the right to confront and cross-examine adverse witnesses, and the right to meaningful judicial review.").

2.  As to issues two, three, six, seven, eight, nine, and ten, we find these issues are not preserved for appellate review.  *See State v. Policao*, 402 S.C. 547, 556, 741 S.E.2d 774, 778 (Ct. App. 2013) (stating arguments raised for the first time on appeal are not preserved for appellate review); *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693-94 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial [court].  Issues not raised and ruled upon in the trial court will not be considered on appeal."); *In re Care & Treatment of Corley*, 365 S.C. 252, 258, 616 S.E.2d 441, 444 (Ct. App. 2005) ("Constitutional issues, like most others, must be raised to and ruled upon by the trial court to be preserved for appeal.").

3.  As to the fourth issue, we find the trial court did not err in denying Myers's request for a jury trial.  *See Ex parte Cannon*, 385 S.C. 643, 660, 685 S.E.2d 814, 823 (Ct. App. 2009) ("It is within the circuit court's discretion to punish by fine or imprisonment every act of contempt before the court."); *id*. at 666, 685 S.E.2d at 827 ("Regardless of whether a six-month imprisonment sentence is imposed for civil or criminal contempt, a contemnor has no right to a jury trial for an imprisonment sentence of six months or less."); *Rhoad v. State*, 372 S.C. 100, 107, 641 S.E.2d 35, 38 (Ct. App. 2007) ("[A] contemnor may be tried without a jury under certain circumstances, as long as the sentence imposed is no longer than six months.").

4.  As to the fifth issue, we find the trial court properly exercised jurisdiction over Myers.  *See Cannon*, 385 S.C. at 654, 685 S.E.2d at 820 ("Personal jurisdiction may be waived, but subject matter jurisdiction may not be waived."); *id*. at 658,

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

685 S.E.2d at 822 ("A defendant may waive any complaints he may have regarding personal jurisdiction by failing to object to the lack of personal jurisdiction and by appearing to defend his case."); *McEachern v. Black*, 329 S.C. 642, 649, 496 S.E.2d 659, 662 (Ct. App. 1998) ("[Trial courts] have the authority to sua sponte use contempt proceedings to preserve the authority and dignity of their courts."); S.C. Code Ann. § 14-5-320 (2017) ("The [trial] court may punish by fine or imprisonment, at the discretion of the court, all contempts of authority in any cause or hearing before the same.").

**AFFIRMED.**

**HUFF, GEATHERS, and MCDONALD, JJ., concur.**