18736

Emma CANTRELL, Appellant, v. FRANK CARRUTH, d/b/a
Carruth Furniture Company, and Jack Carruth, Respondents
(158 S. E. (2d) 208)

416

*Christ Chirst, Esq.,* of Spartanburg, *for Appellant,*

*Messrs. Ward, Howell & Barnes,* of Spartanburg, *for Respondents,*

*Christ Christ, Esq.,* of Spartanburg, *for Appellant,* in *Reply,*

December 8, 1967.

Moss, Chief Justice.

This is an action brought by Emma Cantrell, the appellant herein, against B. Frank Carruth, doing business as Carruth Furniture Company, and Jack Carruth, the respondents herein, to recover damages for personal injuries sustained on March 17, 1966. The appellant alleged that she received personal injuries when she fell in an attempt to avoid being struck by a truck being backed in a negligent and reckless manner towards her by Jack Carruth, an employee of Carruth Furniture Company. At the conclusion of all the testimony the trial judge directed a verdict in favor of the respondents. This is an appeal from such order.

The exceptions of the appellant charge error on the part of the trial judge in directing a verdict in favor of the respondents. The respondents take the position that the appellant's exceptions are too general and that under Rule 4, Section 6 of this Court the. exceptions should not be considered. While the exceptions are general, our examination of them discloses that they contain what we consider meri-

torious assignments of error. We, therefore, overrule the respondents' objections thereto. *Brady v. Brady,* 222 S. C. 242, 72 S. E. (2d) 193.

It is a well settled rule of law in passing upon exceptions challenging the ruling of a trial judge upon a motion for a directed verdict the evidence and all inferences reasonably deducible therefrom must be taken most strongly against the moving party and considered in the light most favorable to the nonmoving party. If more than one reasonable inference can be drawn from the evidence the case must be submitted to the jury. *Carter v. Beals,* 248 S. C. 526, 151 S. E. (2d) 671; *Grier v. Cornelius,* 247 S. C. 521, 148 S. E. (2d) 338. We have held that if the inferences properly deducible from the evidence are doubtful, or if they tend to show both parties guilty of negligence or recklessness, and there may be a fair difference of opinion as to whose act produced the injury complained of as a direct and proximate cause, then the question must be submitted to the jury. *Green v. Bolen,* 237 S. C. 1, 115 S. E. (2d) 667.

The respondent, B. Frank Carruth, is the owner and operator of Carruth Furniture Company in the town of Landrum, South Carolina. Jack Carruth is his employee. The furniture store is situated on the west side of U. S. Highway 176. The front of the store building is parallel to the said highway. A paved sidewalk parallel to the said highway approaches the store from the south and ends a short distance from the southern end of the building. At the point where the sidewalk ends there begins a paved asphalt parking area extending beyond the northern end of the store. The parking area also extends around the southern end of the building and covers the entire area in front of the building to the highway where traffic may enter and leave at any point along the front of the parking area. The area at the southern end of the building is used for the storage of large household applicanes and for the parking of a pickup truck owned by and used in the business of Frank

Carruth. The front of the furniture store is approximately 35 feet from the line of the sidewalk if such had been extended across the parking area.

The appellant testified that prior to her fall she was approaching the furniture store from the south. When she reached the end of the sidewalk she began to cross the asphalt parking area in order to enter the store for the purpose of purchasing a stove. She testified that she proceeded from the sidewalk in a direction toward the southern corner of the store, it being her intention to walk alongside the front of the building to the entrance thereto. She testified that as she proceeded from the sidewalk to the southern end of the store some girls in front of her "screamed" that a truck was coming in her direction. She turned and saw the truck coming and ran to get out if it way. While attempting to get out of the way she fell, fracturing her hip.

The pickup truck had been parked at the southern side of the building with the rear thereof pointing toward the highway and even with the front of the building. Jack Carruth testified that he intended to back the truck toward the south in the direction of the sidewalk so that he could drive out of the parking area toward the north. When he entered the truck he saw two girls approximately at the end of the sidewalk approaching the parking area. He allowed the truck to roll back approximately its length and then paused, waiting for the two girls to pass. When the two girls came into his view on the other side of the truck he looked into his mirrors and to the left, saw no one, and proceeded to back, turning the rear of the truck in the direction of the sidewalk. One of the girls then pointed to the back of the truck and he immediately stopped, got out of the truck, and saw the appellant lying on the pavement. He admitted that he did not see the appellant prior to her fall.

There were no obstructions on the paved parking area which would block the view of the driver of the pickup truck. However, an automobile was parked at the end of

the sidewalk covering a portion of the western edge of the sidewalk. Jack Carruth testified that he was unable to observe whether pedestrians were on that portion of the sidewalk where the automobile was parked. He testified that if the appellant had been beside the automobile at the time he looked in that direction when backing the truck in the direction of the sidewalk he could not have seen her. However, the automobile was parked so as not to prevent his seeing the two girls leave the sidewalk and enter the parking area.

The testimony of the two girls was that they had passed the appellant walking on the sidewalk in the direction of Carruth Furniture Company. When they got to the paved parking area they saw Jack Carruth enter the truck and proceed to back. They testified that he was backing the truck slowly and they had time to run along the parking area across the direction of the backing truck. They testified that they did not feel endangered by the truck and ran so that the driver would not have to wait on them. Their testimony does not bear out the statement of the appellant that they screamed or warned her that the truck was backing toward her and that she was in danger. According to their testimony they did not see the appellant from the time they passed her on the sidewalk until she had fallen.

The various witnesses disagreed on the distance of the rear of the truck after it stopped from the appellant as she was lying on the pavement. The distance varies from that given by the appellant as less than a yard to that given by Jack Carruth as 8 to 10 feet. The testimony is also in sharp conflict as to whether the appellant fell on the parking area at a point to the west of the line of the sidewalk or at a point to the east of the line of the sidewalk near the highway.

The appellant, without objection being made thereto, testified that the pickup truck was coming at her "too fast" and she started to run in order to get out of its way because she "would have been dead" if she hadn't gotten out of the way. The respondents argue that the fore-

going testimony is a mere conclusion on the part of the appellant and no weight can validly be assigned to such testimony. Since the foregoing testimony was received, without objection, it becomes competent and cannot be disregarded upon a motion for a nonsuit or directed verdict, but its sufficiency must be left to the jury. *Mitchell v. Allen,* 81 S. C. 340, 61 S. E. 1087; 62 S. E. 399.

We have heretofore pointed out the sharp conflict in the evidence as to whether the appellant fell within the parking area at a point to the west of the line of the sidewalk or at a point to the east of the line of the sidewalk and the highway. It thus appears that the jury could have found that the appellant fell at a point east of the line of the sidewalk and between the sidewalk and the highway and that the respondents' truck was stopped "less than a yard" from where she fell. The jury could also have concluded from this testimony that the pickup truck had failed to stop immediately prior to driving onto a sidewalk or into the sidewalk area extending across a private driveway and failed to yield the right of way to the appellant, in violation of Section 46-475 of the Code. The violation of an applicable statute is negligence *per se* and whether or not such breach contributed as a proximate cause to appellant's injury is ordinarily a question for the jury, and the causative violation of an applicable statute is evidence of recklessness. *Field v. Gregory,* 230 S. C. 39, 94 S. E. (2d) 15.

We have held that the backing of a motor vehicle is attendant with unusual danger to one who may be in its path and requires commensurate care on the part of the operator of the vehicle. *Butler v. Temples,* 227 S. C. 496, 88 S. E. (2d) 586; and *Green v. Bolen,* 237 S. C. 1, 115 S. E. (2d) 667. The driver of the pickup truck testified that prior to the backing of the vehicle that he looked in his side view mirrors and to his left and saw no one to the rear of the truck. However, the requirements of prudent operation are not necessarily satisfied when the

operator of a backing vehicle "looks" either preceding or during the operation of his vehicle. It is his positive duty to look backward for approaching vehicles or pedestrians and to give them timely warning of his intention to back, when a reasonable necessity for its exists; and he must not only look backward when he commences operation but he must continue to look backward in order that he may not collide with or injure those lawfully using such way, and he is held to the duty of seeing what he ought to have seen. *Wall v. Bain*, 222 N. C. 375, 23 S. E. (2d) 330.

There is evidence here from which a jury could have concluded that the appellant was behind and in the path of the backing truck and that she could have been seen by the driver of said truck had he properly looked.

We conclude, after consideration of the evidence revealed by the record, and in the light of the foregoing principles of law, that the trial judge erred in directing a verdict for the respondents. There was sufficient evidence from which the jury could have found that the respondents were guilty of negligence and recklessness and, likewise, the question of whether the appellant was guilty of contributory negligence and willfulness was a question for the jury.

The judgment below is reversed and this case remanded to the lower court for a new trial.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.