1453

Bennie L. HANNA, Respondent v. PALMETTO HOMES, INC., Horton Homes, Inc., Sentry Indemnity Company, and Hartford Accident and Indemnity Company, Defendants, of whom Horton Homes, Inc. is the Appellant. Appeal of HORTON HOMES, INC.

(389 S. E. (2d) 164)

Court of Appeals

*Allen C. Pate,* of Florence, and *James B. Richardson, Jr.,* of *Richardson and Smith,* Columbia, *for appellant.*

*Ronald J. Jebaily,* of *Jebaily & Glass,* Florence, *for respondent.*

Heard Jan. 16, 1990.

Decided Feb. 5, 1990.

GOOLSBY, Judge:

The sole question raised by Horton Homes, Inc., in its appeal from the jury's verdict of $9,000 in favor of the respondent Bennie L. Hanna is whether the evidence supports the amount of the verdict returned against Horton. We find that it does so and affirm.

In 1983, Hanna bought from the defendant Palmetto Homes, Inc., a mobile home manufactured by Horton. After numerous failed attempts over a four-year period to repair the mobile home's defective roof, Hanna sued Palmetto, Horton, and their sureties alleging causes of action for negligent repair, breach of contract, and breach of express and implied warranties.

At trial, Hanna's expert testified that the roof could be entirely replaced and the unit put in good condition for $7,426.84. He also testified that, even with complete repairs, there would be some depreciation in the value of the mobile home. Although Hanna's expert could not place a specific figure on the amount of depreciation, Hanna himself, without objection, estimated it to be $5,000.

Horton's claim of insufficiency of the evidence to support the amount of the verdict centers upon Hanna's failure to provide a basis for his $5,000 estimate. Such failure, however, goes only to the credibility and weight of the evidence and not to its sufficiency, coming in as it did without objection. *See* 88 C. J. S. *Trial* § 155 at 302 (1955) ("As a general rule testimony consisting of mere conclusions of the witness must be considered and given its

due probative value, when admitted without objection, and such evidence will be sufficient to establish a fact . . . and may support a verdict."); *cf. Cantrell v. Carruth,* 250 S. C. 415, 158 S. E. (2d) 208 (1967) (testimony received without objection becomes competent and its sufficiency is for the jury); *Brown v. Ryder Truck Rental,* 389 S. E. (2d) 161 (Ct. App. 1990) (inadmissible evidence received without objection becomes competent). In a law case, the credibility and weight to be accorded evidence is solely for the fact finder to determine. They are not matters with which an appellate court is at all concerned.

Because the jury's verdict of $9,000 is well within the range of the evidence offered by Hanna as to damages, the trial court properly denied Horton's motion for new trial. *See Buzhardt v. Cromer,* 272 S. C. 159, 249 S. E. (2d) 898 (1978) (where the amount of the jury's award falls within the range of damages testified to, the verdict cannot be set aside on the ground of excessiveness).

Affirmed.

SANDERS, C. J., and SHAW, J., concur.