630 S.E.2d 259

Donald M. BRANDT, Individually and as the Personal Representative of the Estate of Janice N. Brandt, Deceased, Appellant,

v.

Elizabeth K. GOODING and Gooding & Gooding, P.A., Respondents.

No. 26135.

Supreme Court of South Carolina.

Heard Jan. 20, 2005.

Decided April 10, 2006.

Rehearing Denied June 7, 2006.

Jack B. Swerling, of Columbia; and Richard A. Harpootlian, of Columbia, for Appellant.

Amanda G. Steinmeyer and Daniel A. Speights, both of Speights & Runyan, of Hampton; and Joel W. Collins, Jr., and Joseph S. McCue, both of Collins & Lacy, of Columbia, for Respondents.

Chief Justice TOAL:

This is a legal malpractice action. The trial court granted summary judgment, found the plaintiff to be in contempt, and dismissed the complaint as a sanction. In addition, the trial court sentenced the plaintiff to six months imprisonment, issued a restraining order, and awarded court costs and attorneys' fees to the defendant. The plaintiff appealed. We hold that the trial court properly granted summary judgment, and properly issued criminal and civil contempt sanctions. Additionally, the court correctly awarded costs. Therefore, we affirm.

### FACTUAL/PROCEDURAL BACKGROUND

This legal malpractice action arose out of a land transaction in Allendale County. Donald M. Brandt (Brandt) sued Elizabeth K. Gooding, the law firm of Gooding & Gooding (Gooding), the lender, Edisto Farm Credit Service (Edisto Farm), and Ronald L. Summers (Summers), Senior Vice President of Edisto Farm, for breach of fiduciary duty, negligence, and civil conspiracy stemming from Gooding's representation of Brandt in the land transaction.[1]

In 1999, the court dismissed the claims against Summers and Edisto Farm. The court found that those parties were sham parties named in the complaint by Brandt to establish venue in Orangeburg County. As a result, venue was transferred to Allendale County.

During discovery, Brandt produced a document (Edisto Farm Letter), which appeared to have been sent by Summers of Edisto Farm to Brandt on September 18, 1995. Brandt also provided the letter to his malpractice expert, Professor John Freeman. The letter was introduced in Professor Freeman's deposition and used by him to opine that Gooding had

---

1. Brandt also sued the Lombard Corporation (Lombard) in Aiken County. Lombard was a partner in the land transaction with Brandt. The parties settled.

committed malpractice. Brandt first caused the document to enter the case on April 3, 2001 when he provided a supplemental response to a request to produce. In addition, Brandt introduced the deposition into evidence in the case as an attachment to his Memorandum in Support of Motion for Reconsideration on January 18, 2002.

The document, if authentic, would have imputed knowledge to Gooding of a conflict of interest related to the representation of Brandt in the land transaction. But Gooding claimed that the document was fraudulent, and as a result, requested a hearing to determine whether the document was authentic. In addition, Gooding asked the court to issue a citation of contempt if the document proved to be a forgery. However, the circuit court judge delayed a contempt hearing until it could be determined if the document was authentic.

In subsequent motions before a second circuit court judge (trial court), Gooding moved for summary judgment, dismissal of the cause of action, and contempt. At the hearing on the second motions, Gooding presented the testimony of Marvin Dawson (Dawson), an expert in document examination and authenticity. Dawson opined that the letter was fraudulent.

Dawson testified that the Edisto Farm Letter was printed on a type of paper that was not developed until 2000, almost five years after the letter allegedly was sent. In addition, Dawson found that the letter did not contain the appropriate watermark. In a report, Dawson cited numerous inconsistencies and characteristics indicating that the document was a forgery.

Although Brandt was not represented by counsel, Brandt cross-examined Dawson as to the authenticity of the document. Brandt testified that he could not find anyone to represent him. He did, however, bring a potential expert witness to court, but decided not to put the witness on the stand.

The trial court found Brandt introduced a fraudulent document into a court proceeding. As a result, the trial court dismissed the complaint with prejudice as a sanction. In addition, the trial court granted summary judgment. The trial court also held Brandt in criminal contempt for perpetrating a fraud upon the court and sentenced him to six-

months imprisonment. Finally, the trial court awarded court and attorneys' fees to Gooding. Subsequent to the trial court's finding that the Summers letter was fraudulent, Professor Freeman withdrew his opinion, stating:

> The Court's meticulously detailed Order finds that the Brandt letter was "fabricated, forged and fraudulent," and the [sic] Mr. Brandt committed a fraud on the Court in bringing the evidence forward ... it appears to me that my services were used in an attempt to perpetrate a fraud on the Court.
>
> . . . .
>
> ... I have no choice but to withdraw and disaffirm my opinion testimony offered in the Gooding case.

Brandt filed a motion for reconsideration. The trial court suspended the sentence pending review. Upon review, the trial court sustained its earlier ruling and Brandt was taken into custody. Another motion for reconsideration was filed and denied. Brandt appealed.

This Court certified the following issues for review from the court of appeals pursuant to Rule 204(b), SCACR:

I. Did the trial court have the authority to hold a contempt proceeding even though the first judge ruled that a contempt hearing should be delayed?

II. Did the trial court err in granting summary judgment?

III. Did the trial court err in dismissing the complaint as a sanction for civil contempt of court?

IV. Did the trial court err in holding Brandt in *direct* criminal contempt?

V. Did the trial court err in issuing a restraining order?

VI. Did the trial court err in awarding attorneys' fees and costs?

## LAW/ANALYSIS

### I. Authority of the Trial Court

■ Brandt argues that the trial court did not have subject matter jurisdiction to grant summary judgment or cite him for

contempt of court.[2] We disagree.

■■ When determining whether to grant summary judgment, a court must examine both the facts and the law. *Royster Co. v. Eastern Distribution, Inc.*, 301 S.C. 18, 20, 389 S.E.2d 863, 864 (1990). Because a court must conduct the examination of law and facts, such an examination constitutes a trial. *Id.* As a result, a summary judgment motion, when granted, constitutes the final determination of all the issues that exist between the parties. *Id. See also Baird v. Charleston*, 333 S.C. 519, 529, 511 S.E.2d 69, 74 (1999) (holding that summary judgment is an adjudication on the merits).

■ In support of his argument that the trial court did not have the authority to rule on contempt, Brandt relies on authority that prohibits one circuit court judge from reversing the standing order of another circuit court judge. For example, in *Cook v. Taylor*, this Court held that a circuit court judge does not have the authority to reverse another circuit court judge's determination of the proper mode of trial. 272 S.C. 536, 538, 252 S.E.2d 923, 924 (1979). Moreover, a circuit court judge cannot deny the use of an amended complaint in light of an order of another circuit judge that permitted use of the amended complaint. *Enoree Baptist Church v. Fletcher*, 287 S.C. 602, 603, 340 S.E.2d 546, 547 (1986).

In the present case, the first judge issued an order on Gooding's motion for a rule to show cause as to whether the Edisto Farm Letter was authentic. If the letter was proven to be a forgery, Gooding wanted to go forward with contempt proceedings against Brandt. The first judge dismissed the petition without prejudice because a contempt proceeding was premature until after the document's authenticity was deter-

---

2. The circuit court has subject matter jurisdiction in this matter. *See Johnston v. S.C. Dept. of Labor Licensing and Regulation*, 365 S.C. 293, 617 S.E.2d 363 (2005) (outlining the history of this Court's restrictive view of subject matter jurisdiction); *Dove v. Gold Kist*, 314 S.C. 235, 442 S.E.2d 598 (1994) (stating that subject matter jurisdiction is the power to hear and determine cases of the general class to which the proceedings in question belong); S.C. Const. Art. V, § 11 (stating that the circuit court is the general trial court and has original jurisdiction in civil and criminal matters). As a result, we address the issue with regard to whether the circuit court had the authority to rule on the issue of summary judgment and contempt.

mined. In addition, the first judge established a procedure to examine the document and examples of similar documents from Edisto Farm. In essence, the first judge took the logical steps to leave the issue of contempt to be addressed after such a determination had been made. Gooding then brought subsequent motions before the trial court with testimony from an expert that the document was a forgery. In the second battery of motions, Gooding moved for summary judgment, for citation of contempt, and for dismissal of the complaint. After a hearing, the trial court granted summary judgment, dismissed the complaint, and held Brandt in contempt of court.

Because the first judge delayed a contempt hearing, the trial court did not reverse a standing order of the first judge. Instead, the trial court acted in accordance with the steps outlined by the first judge and ruled on the issue of contempt after the document's authenticity could be determined. Accordingly, we hold that the trial court had the authority to grant summary judgment.

## II. Summary Judgment

Brandt contends that the trial court erred in granting summary judgment in favor of Gooding. We disagree.

Summary judgment is appropriate when it is clear that there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *Summer v. Carpenter*, 328 S.C. 36, 42, 492 S.E.2d 55, 58 (1997). In determining whether any triable issue of fact exists, the evidence and all inferences which can be reasonably drawn therefrom must be viewed in the light most favorable to the nonmoving party. *Id.* The party seeking summary judgment has the burden of clearly establishing the absence of a genuine issue of material fact. *Baughman v. Am. Tel. and Tel. Co.*, 306 S.C. 101, 115, 410 S.E.2d 537, 545 (1991).

In a legal malpractice action, a plaintiff must prove that (1) the defendant was negligent, (2) the defendant's negligence proximately caused the plaintiff's injuries, and (3) damages resulted. *Summer*, 328 S.C. at 42, 492 S.E.2d at 58.

In the present case, the trial court granted summary judgment on the ground that Gooding did not proximately

cause Brandt any injury. In addition, the trial court found that because the case against Lombard in the Aiken County matter settled, Gooding was released from any liability. Further, the trial court found Brandt could not show damages. To the contrary, Brandt *profited* from the sale of outparcels from the land purchased in the transaction involved in this legal malpractice action.

Because Brandt did not suffer any injury, we hold that the trial court did not err in granting summary judgment.

## III. Civil Contempt

Brandt contends that the trial court erred ordering civil contempt and dismissing the complaint as a sanction for the contempt. We disagree.

Courts have the power to punish for both civil and criminal contempt. *In re Brown*, 333 S.C. 414, 420, 511 S.E.2d 351, 355 (1998). On appeal, a decision regarding contempt should be reversed only if it is without evidentiary support or the trial judge has abused his discretion. *Stone v. Reddix–Smalls*, 295 S.C. 514, 516, 369 S.E.2d 840, 840–41 (1988) (citing *Means v. Means*, 277 S.C. 428, 431, 288 S.E.2d 811, 812–813 (1982)).

A defendant may move to dismiss the plaintiff's complaint on the ground that the plaintiff has no right to relief based on the facts and the law. Rule 41, SCRCP; *Shepard v. S.C. Dept. of Corrections*, 299 S.C. 370, 372, 385 S.E.2d 35, 36 (Ct.App.1989). Furthermore, a complaint may be dismissed with prejudice for failure to comply with these rules or any other order of the court. Rule 41(b), SCRCP.

In the present case, the trial court found Brandt to be in contempt of court for introducing a fraudulent document. In response, the trial court dismissed the complaint as a sanction for perpetrating a fraud upon the court.

We hold that the trial court did not abuse its discretion in dismissing the complaint as a sanction for civil contempt. Dismissal of the complaint is a proper sanction against a complainant who submits fraudulent documents to the court. Therefore, we affirm the trial court's decision.

## IV. Criminal Contempt

Brandt contends the trial court erred in holding him in direct criminal contempt. We disagree.

It is within the trial court's discretion to punish by fine or imprisonment all contempts of authority before the court. S.C.Code Ann. § 14–5–320 (1976). In addition, courts have the inherent power to punish for offenses that are calculated to obstruct, degrade, and undermine the administration of justice. *State ex rel. McLeod v. Hite*, 272 S.C. 303, 305, 251 S.E.2d 746, 747 (1979).

Direct contempt involves contemptuous conduct in the presence of the court. *State v. Kennerly*, 337 S.C. 617, 620, 524 S.E.2d 837, 838 (1999). A person may be found guilty of direct contempt if the conduct interferes with judicial proceedings, exhibits disrespect for the court, or hampers the parties or witnesses. *State v. Havelka*, 285 S.C. 388, 389, 330 S.E.2d 288 (1985). Direct contempt that occurs in the court's presence may be immediately adjudged and sanctioned summarily. *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827, 114 S.Ct. 2552, 129 L.Ed.2d 642 (1994).

"South Carolina courts have always taken a liberal and expansive view of the 'presence' and 'court' requirements." *Kennerly*, 337 S.C. at 620, 524 S.E.2d at 838. The "presence of the court" extends beyond the mere physical presence of the judge or the courtroom to encompass all elements of the system. *Id.*

This Court has recognized that depositions are judicial proceedings and are within the "presence of the court." *Matter of Golden*, 329 S.C. 335, 496 S.E.2d 619 (1998). In *Golden*, the Court held that "although a deposition is not conducted in a courtroom in the presence of a judge, it is nonetheless a judicial setting." Because there is no presiding authority, it is even more incumbent upon attorneys to conduct themselves in a professional and civil manner during a deposition. *Id.* at 343, 496 S.E.2d at 623.

In the present case, the record shows that Brandt presented a fraudulent document to the court. The document was introduced at the deposition of Professor John Freeman.

In addition, the deposition was introduced into evidence in the case as an attachment to his Memorandum in Support of Motion for Reconsideration. Further, the record shows that Brandt was the sole cause of the introduction of the document into this case when he provided a supplemental response to the request to produce one day before Professor Freeman's deposition. We hold that the introduction of the document into the deposition constituted an introduction of the document into the presence of the court, warranting a citation for direct contempt.

Therefore, we hold that the trial court did not err in citing Brandt for direct criminal contempt.

## V. Restraining Order

Brandt argues that the trial court abused its discretion by issuing a restraining order. We disagree.

The decision of whether to issue a restraining order is within the trial judge's discretion. *State v. Hill,* 266 S.C. 49, 52, 221 S.E.2d 398, 399 (1976).

In the present case, the record indicates that the judge did not abuse his discretion when he issued a restraining order. Brandt testified that he would spend ten years and a million dollars to get justice against Summers and Edisto Farm Credit. Further, Brandt used threatening conduct toward parties involved in the litigation. For example, Brandt told Ronald Summers, after he was dismissed from the lawsuit, that he "wasn't out of the woods yet."

The issuance of a restraining order was arguably necessary to prevent Brandt from harassing Gooding and other parties involved in the litigation. Therefore, we hold that the trial court did not abuse its discretion.

## VI. Fees and Costs

Brandt contends that the trial court erred in awarding attorneys' fees and costs. We disagree.

An award of attorneys' fees and costs is a discretionary matter not to be overturned absent abuse by the trial court. *Donahue v. Donahue,* 299 S.C. 353, 365, 384 S.E.2d 741, 748 (1989). An award for civil contempt is appropriate

when a party has caused unnecessary litigious activity as a result of the contemptuous behavior. *Curlee v. Howle*, 277 S.C. 377, 386, 287 S.E.2d 915, 920 (1982).

 In the present case, Brandt presented a fraudulent document. The introduction of this document unnecessarily prolonged this case. Therefore, the award of fees and costs is an appropriate award because of the unnecessary litigation directly related to the introduction of the letter. Accordingly, we affirm the award.

### CONCLUSION

In sum, we hold that summary judgment was proper. Additionally, the citations for civil and criminal contempt were proper. Finally, the trial court did not abuse its discretion in issuing a restraining order and awarding attorneys' fees and costs. Accordingly, the ruling of the trial court is affirmed.

MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.