681 S.E.2d 867

**WILLIAMSON and Company, Petitioners,**

v.

**Alfred C. MIDDLETON, Respondent.**

No. 26689.

Supreme Court of South Carolina.

Heard April 9, 2009.

Decided July 27, 2009.

Rehearing Denied Aug. 20, 2009.

Desa Ballard, of West Columbia, for Petitioners.

James C. Parham, Jr., Wallace K. Lightsey, and Patricia S. Ravenhorst, all of Wyche, Burgess, Freeman & Parham, of Greenville, for Respondent.

PER CURIAM.

Following litigation between Petitioners Dan F. Williamson and Dan F. Williamson and Company (collectively "Williamson") and Respondent Alfred C. Middleton ("Middleton"), a former employee, the trial court awarded Middleton $35,000 in attorney's fees. The Court of Appeals upheld the award after *en banc* rehearing. *Williamson v. Middleton,* 374 S.C. 419, 649 S.E.2d 57 (Ct.App.2007). We granted certiorari. Williamson argues that the Court of Appeals committed various errors in hearing the case *en banc,* that there is no evidence on which to affirm the finding that Middleton would pay his attorneys, and that the attorney's fees are unreasonable. We reverse.

## FACTS

Middleton worked for a number of years for Williamson as a salesman. Middleton received both an annual salary and commissions on sales contracts. During his employment, there was a dispute as to the amount of salary and commissions owed Middleton and he eventually resigned.

Middleton went to work with one of Williamson's suppliers. He continued to seek commissions he was due but Williamson refused his requests. Middleton then consulted with James C.

Parham of the Wyche Burgess law firm, who was a personal friend of Middleton. On behalf of Middleton, Parham attempted to secure the payment of the commissions. Ultimately, Williamson filed suit against Middleton alleging breach of fiduciary duty, among other things. Middleton timely filed an Answer denying the allegations contained in the Complaint and asserting counterclaims based on the alleged non-payment of the commissions and wages owed him.

From the beginning, Williamson hindered the progress of the case by making vague and incomplete responses to interrogatories, cancelling multiple depositions and mediation at the last-minute, and attempting to add new parties and causes of action to the lawsuit despite the trial court's denial of a motion to amend the pleadings. Williamson's actions required Middleton's counsel to devote additional time to the case.

At trial, only Williamson's cause of action for breach of fiduciary duty went to the jury, which returned a verdict in favor of Middleton. The jury also considered Middleton's counterclaim for unpaid commissions and awarded him $906.62 in actual damages. The trial judge found Middleton was entitled to attorneys' fees. After Middleton presented records showing attorneys' fees totaling approximately $106,000, the trial judge awarded $35,000 in attorneys' fees. Williamson appealed to the Court of Appeals which reversed the award. Middleton petitioned for rehearing and the Court of Appeals granted rehearing *en banc*. The Court of Appeals *en banc* voted 5–4 to affirm the trial court's decision. *Williamson, supra.*

## ISSUES

I. Did the Court of Appeals err in granting and conducting rehearing *en banc?*

II. Did the Court of Appeals err in concluding that there was competent evidence to support the trial court's finding that there was a fee agreement?

## DISCUSSION

### I. Court of Appeals Procedural Issues

Williamson argues on appeal that the Court of Appeals committed a number of procedural errors in granting and conducting rehearing *en banc*. We find no error.

Following the decision by the three-judge panel, Middleton petitioned for rehearing of the case and the Court of Appeals granted rehearing *en banc*. Though the endorsement letter showing that the Court of Appeals granted rehearing *en banc* shows the signatures of only five judges, six judges actually voted for rehearing.[1] After rehearing, the Court of Appeals *en banc* voted 5–4 to affirm the trial court's decision.

■■ Williamson first argues that the Court of Appeals erred in granting rehearing *en banc* on the votes of only five judges because S.C.Code Ann. § 14–8–90(a)(1) requires six votes to hear a case *en banc*. S.C.Code Ann. 14–8–90(a)(1) (2008). As referenced above, a letter from the Clerk of the Court of Appeals explained that the signature of Judge Williams was mistakenly omitted from the endorsement letter. In fact, the Clerk explained that six judges voted to hear the case *en banc*. Consequently, Williamson's argument is without merit. Next, Williamson contends that even if six judges voted to hear the case *en banc*, sufficient grounds did not exist to support rehearing under Rule 219 of the South Carolina Appellate Court Rules (SCACR). We note that while Rule 219 lists certain grounds on which rehearing *en banc* may be granted, it provides only that rehearing *en banc* "*ordinarily* will not be ordered" except upon the listed grounds. Rule 219, SCACR (2007) (emphasis added). The Court of Appeals has discretion as to whether or not to accept rehearing and we find no error in the exercise of such discretion here.

■ Williamson next argues that six votes of the Court of Appeals *en banc* were required to uphold the award of attorney's fees. Williamson notes that S.C.Code Ann. § 14–8–90(b) requires six votes of the *en banc* panel to reverse "the judgment below." In Williamson's view, "the judgment below" is the opinion of the three-judge panel rather than the decision of the trial court. We disagree and find no error. See Rule 202(b)(1), SCACR (2007) (defining term "lower court" as "the circuit court ... from which the appeal is taken"); *State v. McAteer*, 333 S.C. 615, 616, 511 S.E.2d 79, 80 (Ct.App.1998), *overruled on other grounds*, 340 S.C. 644, 532

---

1. The signature of Judge Bruce Williams was mistakenly omitted from the endorsement letter.

S.E.2d 865 (2000) (granting of rehearing *en banc* by the Court of Appeals effectively vacates the original panel opinion).

Williamson's final procedural argument is that the Court of Appeals erred in failing to limit its review to the existence or non-existence of a fee agreement, since in Williamson's view, the Court of Appeals granted rehearing only as to this issue. We disagree.

## II. Did the Court of Appeals err in concluding there was competent evidence to support the trial court's finding of a fee agreement?

■ The jury awarded Middleton $906.62 for unpaid commissions pursuant to S.C.Code Ann. § 39–65–20 (2008), which requires that when a contract between a sales representative and principal is terminated, the principal must pay all commissions due. When an employer violates § 39–65–20, § 39–65–30 provides that the employer is liable for "attorney's fees actually and reasonably incurred by the sales representative in the action and court costs." S.C.Code Ann. § 39–65–30 (2008).

Williamson argues that the Court of Appeals *en banc* erred in finding that competent evidence supports the finding that fees were incurred. We agree.

Middleton's counsel was deposed on the issue of attorney's fees. He acknowledged that he and Middleton were personal friends, that he had handled other legal matters for Middleton in the past without taking a fee, and that Middleton was never sent any statements of attorney's fees incurred. Furthermore, Middleton's counsel answered in the negative when specifically asked if Middleton incurred any attorney's fees:

Q. Has Mr. Middleton incurred any attorney's fees from this representation?

A. No, technically, he hasn't because we don't have a fee agreement with Mr. Middleton. We talked about this with Mr. Middleton to begin with and we decided that we would try to help him collect the monies due him and at the end of the case, we would talk about a fee. So we don't have a fee agreement with him. But some day, he might pay us a fee. Right now, he has no obligation at this point if there is no agreement. He

might feel a moral obligation. And when we talk at the end of the case, he will have the final say.

The Court of Appeals *en banc* found competent evidence to support the trial court's conclusion that attorney's fees were incurred. The majority noted that the statement cited by Williamson could be interpreted in different ways:

While Parham's testimony ... could be interpreted to mean Middleton would never be required to pay a fee, it also indicates that "at the end of the case, [Middleton and his attorneys] would talk about a fee." [The trial court] adopted this latter interpretation....

*Williamson*, 374 S.C. at 429, 649 S.E.2d at 63.

We find no competent evidence to support the finding that Middleton incurred attorney's fees. Though Middleton's counsel did indeed indicate that he and Middleton would "talk about a fee" at the conclusion of the case, he also explained that Middleton had no obligation other than a moral obligation to pay a fee and that Middleton would have the final say. In our view, the only logical interpretation of the statement by Middleton's counsel is that Middleton could choose not to pay a fee to his counsel. It therefore follows that no attorney's fees were incurred.[2]

As evidence that attorney's fees were actually incurred, the Court of Appeals *en banc* noted that Parham testified that he was "hired" by Middleton in the Spring of 2001 and had kept extensive and diligent records detailing the amount of time spent on the case and by whom the work was done. The Court of Appeals *en banc* also found that it was unlikely that Middleton's second-chair attorney, Wyche associate Patricia Ravenhorst, who had no prior relationship with Middleton,

---

2. At oral argument, Middleton's counsel argued that the recent opinion in *Kiriakides v. School Dist. of Greenville County*, 382 S.C. 8, 675 S.E.2d 439 (2009), governs this case. We disagree. In *Kiriakides*, we found "no reason to differentiate situations where a party terminates the attorney and those where the condemnor terminates the proceeding." *Id.* at 24, 675 S.E.2d at 448. We therefore upheld the award of attorneys' fees where the client had a contingency fee agreement with his attorneys and the opposing party abandoned the condemnation action that was the subject of the litigation. *Id.* at 25, 675 S.E.2d at 448. The instant case does not concern a terminated proceeding in which the court must consider implied fees, but rather a completed proceeding in which the attorney testified that no fees were owed.

would have volunteered her time with no expectation of being paid. We find that these facts simply cannot overcome the candid admission by Middleton's counsel that no fees were incurred.[3]

## CONCLUSION

The Court of Appeals did not err in granting and conducting rehearing *en banc*. On the merits, we find no evidence to support the finding of the Court of Appeals that Middleton incurred attorney's fees. We affirm the remaining issues under Rule 220(b), SCACR. Therefore, the decision of the Court of Appeals is

**REVERSED.**

TOAL, C.J., WALLER, PLEICONES, JJ., and Acting Justices ELLIS B. DREW and S. JACKSON KIMBALL, concur.

---

3. Because we find that no evidence supports the Court of Appeals finding that attorney's fees were incurred, we do not reach Williamson's argument that the fees awarded were unreasonable.