THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.  
THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
 Donald M.
 Brandt, Individually and as Personal Representative of the Estate of Janice
 N. Brandt, Deceased, Appellant,
 v.
 Elizabeth K.
 Gooding and Gooding & Gooding, P.A., Respondents.
 
 
 

Appeal from Allendale County
Paul M. Burch, Circuit Court Judge
Memorandum Opinion No. 2010-MO-010
Heard January 7, 2010  Filed April 12,
 2010   
AFFIRMED IN PART; REVERSED IN PART

 
 
 
 Jack B.
 Swerling, of Columbia; James Mixon Griffin, of Columbia; and Richard A.
 Harpootlian, of Columbia, for Appellant
 Daniel
 A. Speights and Gibson Solomons, both of Speights & Runyan, of Hampton, for
 Respondent Elizabeth K. Gooding; and Joel W. Collins, Christian Stegmaier, and Amy
 L. Neuschafer, all of Collins & Lacy, of Columbia, for Respondent Gooding
 & Gooding, P.A..
 
 
 

PER CURIAM: We reverse the trial court's award of
 attorneys' fees and costs to Respondent Elizabeth K. Gooding (Respondent
 Gooding) and affirm as modified that trial court's award of attorneys' fees and
 costs to Respondent Gooding & Gooding, P.A. (Respondent law firm).  
Donald M. Brandt (Brandt) brought a legal malpractice action
 against Respondent Gooding and Respondent law firm (collectively, Respondents)
 concerning their representation of him in a real estate transaction.  During
 the course of discovery, Brandt perpetrated fraud on the court by knowingly producing
 a forged letter.  As a result, Brandt's complaint was dismissed, he was held in
 civil contempt, and was ordered to pay Respondents' attorneys' fees and costs. 
 The trial court's award of attorneys' fees and costs was affirmed on appeal. 
 The parties unsuccessfully mediated the matter.  Thereafter, the trial judge
 entered an order in which Respondent Gooding was awarded $628,268.49 in
 attorneys' fees and costs and Respondent law firm was awarded $255,353.44 in
 attorneys' fees and costs.  These amounts reflected the fees and costs incurred
 by the respective parties during the entire course of the action.  
Brandt filed this appeal challenging the awards to Respondents. 
 We address the respective awards turning, first, to that of Respondent Gooding
 and, second, that of Respondent law firm.
First, Brandt argues that the trial court's award of fees and
 costs to Respondent Gooding was erroneous because she did not enter into a fee
 agreement with counsel, thus she did not incur any attorneys' fees or costs. 
 We agree.  
Where there is no evidence that attorneys' fees and costs were
 actually incurred by a party, there cannot be an award for fees and costs assessed against another party.  See
 Williamson v. Middleton, 383 S.C. 490, 681 S.E.2d 867
 (2009) (holding that where there is no competent evidence that attorneys' fees
 and costs were actually incurred, they cannot be awarded).  After careful review of the record in this case, we find no
 competent evidence to support the finding that Respondent Gooding incurred any
 attorneys' fees or costs.  Therefore, we reverse the trial court's award of
 attorneys' fees and costs to Respondent Gooding.  
Second, Brandt argues the trial court erred in failing to limit
 Respondent law firm's award to those attorneys' fees and costs incurred as a
 direct result of his introduction of the fraudulent letter.  We agree.  
In the original appeal of this matter, we stated: "the award
 of fees and costs is an appropriate award because of the unnecessary litigation
 directly related to the introduction of the letter."  See Brandt
 v. Gooding, 368 S.C. 618, 629, 630 S.E.2d 259, 265 (2006).  We find that
 only those fees and costs incurred by Respondent law firm from the date Brandt
 introduced the fraudulent letter (April 4, 2001) to the date the trial court
 denied Brandt's motion for reconsideration (May 16, 2002) were directly related
 to Brandt's introduction of the letter.  After a careful review of the record,
 we determine that during the relevant time period Respondent law firm incurred
 attorneys' fees and costs in the amount of $80,547.89.  Therefore, we modify
 the trial court's order so as to award $80,547.89, plus the applicable interest
 accrued,[1] to Respondent law firm.   
TOAL, C.J.,
 PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.

[1] Respondent law firm may recover the pre-judgment interest that accrued on this award
 from the date the fraudulent letter was produced by Brandt (April 4, 2001) to
 the date the trial court entered judgment in this matter (August 8, 2007). 
 Respondent law firm may also recover post-judgment interest accruing from the
 trial court's entry of judgment until the time Brandt satisfies the award.