**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Michael Wayne McCarson, Respondent,

v.

Mary Carmen Roldan, Appellant.

In re: Mary Carmen Roldan, Plaintiff,

v.

Michael Wayne McCarson, Defendant.

Appellate Case No. 2011-202190

Appeal From Greenville County
Alex Kinlaw, Jr., Family Court Judge

Unpublished Opinion No. 2013-UP-361
Submitted August 1, 2013 – Filed October 2, 2013

**AFFIRMED**

Raymond W. Godwin and Julie M. Rau, both of
Raymond W. Godwin, Attorney at Law, PC, of
Greenville, for Appellant.

Michael Wayne McCarson, of Cleveland, Ohio, pro se.

---

**PER CURIAM:**  Mary Carmen Roldan (Mother) appeals the family court's order finding her in contempt and refusing to find Michael Wayne McCarson (Father) in contempt.  Mother also appeals the family court's award of attorney's fees and costs to Father.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to the finding of contempt against Mother:  *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011) ("In appeals from the family court, this [c]ourt reviews factual and legal issues de novo."); *Lewis v. Lewis*, 392 S.C. 381, 384, 709 S.E.2d 650, 651 (2011) ("However, this broad scope of review does not require [the appellate c]ourt to disregard the findings of the family court."); *Miller v. Miller*, 375 S.C. 443, 454, 652 S.E.2d 754, 759 (Ct. App. 2007) ("Contempt results from the willful disobedience of an order of the court."); *id.* at 454, 652 S.E.2d at 759 (holding a willful act is "'done voluntarily and intentionally with the specific intent to do something the law forbids, or with the specific intent to fail to do something the law requires to be done . . . .'" (quoting *Widman v. Widman,* 348 S.C. 97, 119, 557 S.E.2d 693, 705 (Ct. App. 2001))); *id.* at 457, 652 S.E.2d at 761 (holding civil contempt is characterized by the contemnor's ability to purge himself whereas criminal contempt is unconditional and may not be purged); *id.* (holding civil contempt is proved by clear and convincing evidence whereas criminal contempt is proved beyond a reasonable doubt); *State v. Passmore*, 363 S.C. 568, 571-72, 611 S.E.2d 273, 275 (Ct. App. 2005) ("Intent for purposes of criminal contempt is subjective, not objective, and must necessarily be ascertained from all the acts, words, and circumstances surrounding the occurrence."); *Brandt v. Gooding*, 368 S.C. 618, 628, 630 S.E.2d 259, 264 (2006) ("Direct contempt involves contemptuous conduct in the presence of the court."); *id.* ("A person may be found guilty of direct contempt if the conduct interferes with judicial proceedings, exhibits disrespect for the court, or hampers the parties or witnesses."); *id.* ("Direct contempt that occurs in the court's presence may be immediately adjudged and sanctioned summarily."); *Rhoad v. State*, 372 S.C. 100, 106, 641 S.E.2d 35, 37-38 (Ct. App. 2007) (upholding the imposition of two six-month sentences of imprisonment after the trial court found the appellant in direct contempt twice).

2. As to the failure to find Father in contempt:  *Reiss v. Reiss*, 392 S.C. 198, 205, 708 S.E.2d 799, 803 (Ct. App. 2011) ("Because this is an issue of credibility, and the family court was in a better position than this court to judge the witness's

credibility, we defer to the family court's findings."); *Bodkin v. Bodkin*, 388 S.C. 203, 212, 694 S.E.2d 230, 235 (Ct. App. 2010) ("Because the family court is in a superior position to judge the witnesses' demeanor and veracity, its findings should be given broad discretion.").

3. As to the award of attorney's fees and costs to Father:  *Lindsay v. Lindsay*, 328 S.C. 329, 345-46, 491 S.E.2d 583, 592 (Ct. App. 1997) ("[T]he decision to deny attorney fees is largely discretionary with the trial court and its decision will not be disturbed on appeal absent an abuse of that discretion."); *id.* at 345, 491 S.E.2d at 592 ("A compensatory contempt award may include attorney fees."); *Miller*, 375 S.C. at 463, 652 S.E.2d at 764 ("In a civil contempt proceeding, a contemnor may be required to reimburse a complainant for the costs he incurred in enforcing the court's prior order, including reasonable attorney's fees."); *id.* ("The award of attorney's fees is not a punishment but an indemnification to the party who instituted the contempt proceeding.").

**AFFIRMED.**[1]

**HUFF, GEATHERS, and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.