**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

State of South Carolina on the relation of William Walter Wilkins, III, Solicitor of the Thirteenth Judicial Circuit, Respondent,

v.

Elephant, Inc., Gregory Kenwood Gaines, and Frontage Road Associates, Inc., Defendants,

of which Elephant, Inc. and Gregory Kenwood Gaines are the Appellants.

Appellate Case No. 2016-001695

---

Appeal From Greenville County
Charles B. Simmons, Jr., Master-in-Equity

---

Unpublished Opinion No. 2019-UP-290
Submitted February 1, 2019 – Filed August 14, 2019

---

**AFFIRMED**

---

Thomas R. Goldstein, of Belk Cobb Infinger & Goldstein, PA, of Charleston; and H. Louis Sirkin, of Cincinnati, Ohio, for Appellants.

Solicitor William Walter Wilkins, III, and Deputy Solicitor Andrew Scott Culbreath, both of Greenville, for

Respondent.

_____

**PER CURIAM:**  Elephant, Inc. and Gregory Kenwood Gaines (collectively, Appellants) appeal the trial court's order holding Elephant, Inc. in criminal and civil contempt of a consent order and imposing requirements on Gaines.  We affirm.

1.  We find no merit to Appellants' argument the trial court lacked subject matter jurisdiction over the contempt proceeding.  *See Pierce v. State*, 338 S.C. 139, 150, 526 S.E.2d 222, 227 (2000) ("Subject matter jurisdiction is the power of a court to hear and determine cases of the general class to which the proceedings in question belong." (citing *Dove v. Gold Kist, Inc.*, 314 S.C. 235, 237-38, 442 S.E.2d 598, 600 (1994))).  Chief Justice Toal assigned Judge Simmons to serve as a circuit court judge for the Thirteenth Judicial Circuit, granting him authority to hear criminal and civil motions and non-jury trials.  In addition, in the Order/Rule to Show Cause filed April 29, 2016, the chief administrative judge referred the case to the master-in-equity.  *See* Rule 53(b), SCRCP ("In an action where the parties consent, in a default case, or an action for foreclosure, some or all of the causes of action in a case may be referred to a master or special referee by order of a circuit judge or the clerk of court.  In all other actions, the circuit court may, upon application of any party or upon its own motion, direct a reference of some or all of the causes of action in a case."); *Blackmon v. Patel*, 302 S.C. 361, 362-63, 396 S.E.2d 128, 129 (Ct. App. 1990) (affirming master's order granting summary judgment following ex parte order of reference to the master-in-equity for the appointment of a receiver in which the circuit court judge, without notice to any parties, added a provision to the order as proposed permitting the master to rule upon any summary judgment motions).

2.  We find Appellants' challenge to the trial court's independence and impartiality is not preserved for our review as they never requested the trial court recuse itself. *See Davis v. Parkview Apartments*, 409 S.C. 266, 289, 762 S.E.2d 535, 547 (2014) ("Timeliness is essential to any recusal motion.  To be timely, a recusal motion must be made at counsel's first opportunity after discovery of the disqualifying facts." (quoting *Duplan Corp. v. Milliken, Inc.*, 400 F. Supp. 497, 510 (D.S.C. 1975))); *Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review.").

3.  We find no merit to Appellants' argument the trial court erred in imposing criminal contempt for what they contend was merely the breach of a civil agreement.  While the consent order was the product of an agreement of the parties, it carries the authority of the court.  *See Johnson v. Johnson*, 310 S.C. 44, 46, 425 S.E.2d 46, 48 (Ct. App. 1992) ("[A] consent order is an agreement of the parties, *under the sanction of the court*, and is to be interpreted as an agreement." (emphasis added) (citing *Jones & Parker v. Webb*, 8 S.C. 202, 206 (1876))); *Ex parte Cannon*, 385 S.C. 643, 660, 685 S.E.2d 814, 824 (Ct. App. 2009) ("All courts have the inherent power to punish for contempt, which 'is essential to the preservation of order in judicial proceedings, and to the enforcement of the judgments, orders and writs of the courts, and consequently to the due administration of justice.'" (quoting *Miller v. Miller*, 375 S.C. 443, 453, 652 S.E.2d 754, 759 (Ct. App. 2007))).

4.  We hold the trial court did not err in refusing to grant a continuance.  *See Bozeman v. State*, 307 S.C. 172, 175, 414 S.E.2d 144, 146 (1992) ("The denial of a motion for a continuance is within the sound discretion of the trial judge and his ruling will not be disturbed on appeal absent an abuse of discretion resulting in prejudice to the appellant." (citing *State v. Babb*, 299 S.C. 451, 454, 385 S.E.2d 827, 829 (1989))).  The trial court's denial of Appellants' motion for a continuance did not deny them the right to counsel.  *See State v. Bennett*, 259 S.C. 50, 53-54, 190 S.E.2d 497, 498 (1972) (holding the trial court's denial of a motion for a continuance did not deny the defendant his right to counsel when defendant was represented by appointed counsel and sought the continuance to obtain other counsel).  We disagree with Appellants' contention the court's ruling was erroneous because their attorney lacked preparation time.  *See State v. Vaughn*, 268 S.C. 119, 123, 232 S.E.2d 328, 329 (1977) ("[W]hen a motion for a continuance is based upon the contention that counsel for the defendant has not had time to prepare his case[,] its denial by the trial court has rarely been disturbed on appeal." (quoting *State v. Motley*, 251 S.C. 568, 572, 164 S.E.2d 569, 570 (1968))); *id.* (rejecting appellant's argument "that a continuance should have been granted because the solicitor was able to call the case for trial when he desired to do so, and, consequently, inadequate notice of the time for trial was provided").

5.  We disagree with Appellants' argument the State was required to provide them with notice of the violation and an opportunity to cure the violation as a condition precedent to a contempt action.  *See City of N. Myrtle Beach v. E. Cherry Grove Realty Co., LLC*, 397 S.C. 497, 503, 725 S.E.2d 676, 679 (2012) ("As a general rule, judgments are to be construed like other written instruments.  The determinative factor is the intent of the court, as gathered, not from an isolated part

thereof, but from all the parts of the judgment itself. Hence, in construing a judgment, it should be examined and considered in its entirety. If the language employed is plain and unambiguous, there is no room for construction or interpretation, and the effect thereof must be declared in the light of the literal meaning of the language used." (quoting *Weil v. Weil*, 299 S.C. 84, 90, 382 S.E.2d 471, 474 (Ct. App. 1989))); *Plantation A.D., LLC v. Gerald Builders of Conway, Inc.*, 386 S.C. 198, 207, 687 S.E.2d 714, 719 (Ct. App. 2009) (stating a condition precedent "connotes any fact other than the lapse of time, which, unless excused, must exist or occur before a duty of immediate performance arises. The question of whether a provision in a contract constitutes a condition precedent is a question of construction dependent on the intent of the parties to be gathered from the language they employ." (quoting *Worley v. Yarborough Ford, Inc.*, 317 S.C. 206, 210, 452 S.E.2d 622, 624 (Ct. App. 1994))). The consent order provides, "If there are any instances of non-compliance [as reported by the independent monitor,] then the Solicitor shall forward such reports to [Appellants], which will include the date and time when the Monitor visited the Subject Property, the incident of non-compliance observed, and where such non-compliance occurred at the premises." Although the consent order did not require provision of notice to Appellants as a condition precedent to a contempt action, we find the record on appeal contains evidence the State, in fact, provided the notice. Independent Monitor One testified, without objection, the Solicitor forwarded the report to Appellants. *See Hanna v. Palmetto Homes, Inc.*, 300 S.C. 535, 537, 389 S.E.2d 164, 165 (Ct. App. 1990) ("[T]estimony received without objection becomes competent and its sufficiency is for the [fact finder]." (citing *Cantrell v. Carruth*, 250 S.C. 415, 421, 158 S.E.2d 208, 211 (1967))). In addition, the State provided Appellants with notice of the violations in the petition for the Rule to Show Cause, which included affidavits from the independent monitors. We also hold the plain language of the order does not afford Appellants an opportunity to correct the infractions before they can be sanctioned.

6. We disagree with Appellants' argument the trial court erred in considering criminal contempt and civil contempt in the same proceeding. *See DiMarco v. DiMarco*, 393 S.C. 604, 608, 713 S.E.2d 631, 634 (2011) ("A judge certainly may order both a civil and a criminal contempt sanction, and, in that case, the sanctions should be separate and distinct."). Appellants correctly assert criminal and civil contempt have different standards of proof. *See DiMarco*, 393 S.C. at 607, 713 S.C. at 633 (stating "[c]ivil contempt must be shown by clear and convincing evidence" and "[c]riminal contempt must be shown beyond a reasonable doubt" (citing *Poston v. Poston*, 331 S.C. 106, 113, 502 S.E.2d 86, 89 (1998))). We hold the trial court recognized this difference and correctly applied the burdens of proof.

7.  To the extent Appellants are challenging the sanctions imposed, this complaint is not properly before this court because it was not raised to or ruled on by the trial court.  Appellants withdrew their motion for reconsideration.  *See In re Timmerman*, 331 S.C. 455, 460, 502 S.E.2d 920, 922 (Ct. App. 1998) ("When a party receives an order that grants certain relief not previously contemplated or presented to the trial court, the aggrieved party must move, pursuant to Rule 59(e), SCRCP, to alter or amend the judgment in order to preserve the issue for appeal." (citing *Pelican Bldg. Ctrs. v. Dutton*, 311 S.C. 56, 60, 427 S.E.2d 673, 675 (1993))).  Furthermore, the trial court did not abuse its discretion in imposing sanctions.  *See State v. Bevilacqua*, 316 S.C. 122, 129, 447 S.E.2d 213, 217 (Ct. App. 1994) ("A determination of contempt ordinarily resides in the sound discretion of the trial [court]." (citing W*hetstone v. Whetstone*, 309 S.C. 227, 233, 420 S.E.2d 877, 880 (Ct. App. 1992))); *Miller*, 375 S.C. at 454-55, 652 S.E.2d at 760 ("It is within the trial court's discretion to punish by fine or imprisonment all contempts of authority before the court." (quoting *Brandt v. Gooding*, 368 S.C. 618, 628, 630 S.E.2d 259, 264 (2006))).

8.  We disagree with Appellants' argument they were not on notice that they would have to defend against both criminal and civil contempt.  In the petition for the Rule to Show Cause, the State requested that if Appellants were found in contempt "they be sanctioned to the maximum extent allowed by law and in a manner that will ensure the [Appellants] permanently abate all conduct creating a nuisance." Thus, the State was requesting the court sanction Appellants by all available means, including both civil and criminal contempt.  *See Miller*, 375 S.C. at 454-55, 652 S.E.2d at 760 ("It is within the trial court's discretion to punish by fine or imprisonment all contempts of authority before the court." (quoting *Brandt v. Gooding*, 368 S.C. 618, 628, 630 S.E.2d 259, 264 (2006))).

9.  We disagree with Appellants' argument the trial court used their right to remain silent against them even though Appellants were facing criminal contempt.  *See Miller*, 375 S.C. at 454, 652 S.E.2d at 760 ("Once the moving party has made out a prima facie case [for contempt], the burden then shifts to the respondent to establish his or her defense and inability to comply with the order." (quoting *Widman v. Widman*, 348 S.C. 97, 120, 557 S.E.2d 693, 705 (Ct. App. 2001))).

10.  We find no reversible error in the trial court's denial of Appellants' request for a jury trial.  First, Appellants waived this issue by failing to immediately appeal once the trial court denied their request for a jury trial.  *See Lester v. Dawson*, 327 S.C. 263, 266, 491 S.E.2d 240, 241 (1997) ("[T]he failure to timely appeal an order affecting the mode of trial effects a waiver of the right to appeal that issue." (citing

*Foggie v. CSX Transp., Inc.*, 313 S.C. 98, 23, 431 S.E.2d 587, 590 (1993))). Furthermore, we do not believe the trial court erred in denying Appellants' request for a jury trial. As the Solicitor did not seek a jail sentence in excess of six months and the trial court did not impose any jail time, Appellants were not entitled to a jury trial. *See Ex parte Cannon*, 385 S.C. at 666, 685 S.E.2d at 827 ("Regardless of whether a six-month imprisonment sentence is imposed for civil or criminal contempt, a contemnor has no right to a jury trial for an imprisonment sentence of six months or less."); *Rhoad v. State*, 372 S.C. 100, 107, 641 S.E.2d 35, 38 (Ct. App. 2007) ("[A] contemnor may be tried without a jury under certain circumstances, as long as the sentence imposed is no longer than six months.").

11. We disagree with Appellants' argument the trial court erred in holding they knowingly violated the provisions of the consent order. *See Ex parte Cannon*, 385 S.C. at 660, 685 S.E.2d at 824 ("Contempt results from the willful disobedience of a court order, and before a court may find a person in contempt, the record must clearly and specifically reflect the contemptuous conduct." (quoting *Widman*, 348 S.C. at 119, 557 S.E.2d at 705)); *id.* at 661, 685 S.E.2d at 824 ("A willful act is one . . . done voluntarily and intentionally with the specific intent to do something the law forbids, or with the specific intent to fail to do something the law requires to be done; that is to say, with bad purpose either to disobey or disregard the law." (alteration by court) (quoting *Miller*, 375 S.C. at 454, 652 S.E.2d at 759-60)). We find the record contains evidence beyond a reasonable doubt numerous violations of the dress requirements to avoid a "state of nudity" and conduct restrictions set forth in the consent order occurred and although Appellants, through their employees, were aware of these violations, they did not prevent them from occurring. In addition, Appellants failed to challenge the trial court's findings concerning the provision of requested video and placement of cameras as additional violations. *See First Union Nat'l Bank of S.C. v. Soden*, 333 S.C. 554, 566, 511 S.E.2d 372, 378 (Ct. App. 1998) (stating an "unchallenged ruling, right or wrong, is the law of the case and requires affirmance" (citing *Lindsay v. Lindsay*, 328 S.C. 329, 338, 491 S.E.2d 583, 588 (Ct. App. 1997))). Accordingly, we hold the trial court did not err in finding Appellants in both civil and criminal contempt.

12. We find Appellants' argument the trial court erred by imposing additional requirements on Gaines after finding him not guilty of contempt is not properly before this court. Although Appellants raised this argument in their motion for reconsideration, they withdrew the motion before the trial court considered it. *See In re Timmerman*, 331 S.C. at 460, 502 S.E.2d at 922 ("When a party receives an order that grants certain relief not previously contemplated or presented to the trial court, the aggrieved party must move, pursuant to Rule 59(e), SCRCP, to alter or

amend the judgment in order to preserve the issue for appeal." (citing *Pelican Bldg. Ctrs.*, 311 S.C. at 60, 427 S.E.2d at 675)).

**AFFIRMED.**[1]

**HUFF, THOMAS, and KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.