**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Jennifer Lynn Bell, Respondent,

v.

Troy Ramone Williams, Appellant.

Appellate Case No. 2017-000376

―――――――――――

Appeal From Berkeley County
Jack A. Landis, Family Court Judge

―――――――――――

Unpublished Opinion No. 2020-UP-010
Submitted September 12, 2019 – Filed January 15, 2020

―――――――――――

**AFFIRMED**

―――――――――――

Troy Ramone Williams, of Charleston, pro se.

Jason Scott Stevens, of Jason S. Stevens, LLC, of Charleston, for Respondent.

―――――――――――

**PER CURIAM:** Troy Williams (Husband), pro se, appeals the family court's order, arguing the family court erred in (1) finding him in criminal contempt and (2) awarding attorney's fees and costs to Jennifer Bell (Wife). We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the family court erred in finding Husband in criminal contempt: *Stone v. Thompson*, 428 S.C. 79, 91, 833 S.E.2d 266, 272 (2019) ("Appellate courts review family court matters de novo, with the exceptions of evidentiary and procedural rulings."); *Widman v. Widman*, 348 S.C. 97, 119, 557 S.E.2d 693, 705 (Ct. App. 2001) ("The power to punish for contempt is inherent in all courts and is essential to preservation of order in judicial proceedings." (quoting *In re Brown*, 333 S.C. 414, 420, 511 S.E.2d 351, 355 (1998))); *id.* ("Contempt results from the willful disobedience of a court order, and before a court may find a person in contempt, the record must clearly and specifically reflect the contemptuous conduct."); *S.C. Dep't of Soc. Servs. v. Johnson*, 386 S.C. 426, 435, 688 S.E.2d 588, 592 (Ct. App. 2009) ("Once a moving party makes out a prima facie case of contempt by pleading the order and showing its noncompliance, *the burden shifts* to the respondent to establish his defense and inability to comply." (emphasis added)); *Miller v. Miller*, 375 S.C. 443, 456, 652 S.E.2d 754, 761 (Ct. App. 2007) (providing that criminal contempt is a punitive measure employed to preserve the family court's authority and to punish for disobedience of its orders); *DiMarco v. DiMarco*, 393 S.C. 604, 607, 713 S.E.2d 631, 633 (2011) ("Criminal contempt must be shown beyond a reasonable doubt."); *Miller*, 375 S.C. at 454, 652 S.E.2d at 760 (providing that the family court has the discretion to punish by fine or imprisonment all contempt of authority before the court); *id.* at 455, 652 S.E.2d at 760 ("In addition, courts have the inherent power to punish for offenses that are calculated to obstruct, degrade, and undermine the administration of justice." (quoting *Brandt v. Gooding*, 368 S.C. 618, 628, 630 S.E.2d 259, 264 (2006))).

2. As to whether the family court erred in awarding Wife attorney's fees and costs: *Doe v. Roe*, 369 S.C. 351, 375–76, 631 S.E.2d 317, 330 (Ct. App. 2006) (providing that an issue must be raised to and ruled upon by the family court to be preserved for appellate review); *Bakala v. Bakala*, 352 S.C. 612, 625, 576 S.E.2d 156, 163 (2003) ("A due process claim raised for the first time on appeal is not preserved."); *id.* (finding the husband's due process issue was unpreserved for appellate review when he failed to raise a due process issue to the family court and failed to file a Rule 59(e), SCRCP, motion in which he could have raised the issue).

**AFFIRMED.**[1]

**HUFF, WILLIAMS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.